# EXHIBIT 12



**FOLD** on this line and place in shipping pouch with **bar code and delivery address** visible

1. Fold the first printed page in half and use as the shipping label.
2. Place the label in a waybill pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
3. Keep the second page as a receipt for your records. The receipt contains the terms and conditions of shipping and information useful for tracking your package.

## *Legal Terms and Conditions*

Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).



Jeffrey K. Lamb
Office: 313.465.7404
jlamb@honigman.com

October 13, 2023

*VIA FEDEX AND EMAIL:*
*ecomm@speedwholesale.com*

Jehangir Suriya
Speed Wholesale, Inc.
400 N York Rd
Bensenville, IL 60106

**Re:** **_Infringing Breeze Pro Products and Trade Dress_**

Dear Mr. Suriya:

As you know, Honigman LLP represents Breeze Smoke LLC in trademark litigation matters. Breeze Smoke demands that you immediately cease your unlawful sale and offer for sale of products that are obvious infringements of the trade dress in the BREEZE PRO disposable e-cigarette products ("Infringing Products").

Breeze Smoke has built an extremely successful brand under a family of BREEZE trademarks, which it has used extensively in connection with high-quality, well-known, and immensely popular tobacco and vaping products throughout the United States and worldwide. Breeze Smoke's most popular product is its BREEZE PRO disposable vape pen, which is the highest quality all-in-one vaping system ever introduced in the market. Breeze Smoke sells its products in various ways, including by licensees online and at a substantial number of brick-and-mortar locations, and promotes its products on its website at https://www.breezesmoke.com/. Through its predecessors in interest, Breeze Smoke has been using its BREEZE trademarks in the United States since at least as early as 2014 in connection with its products.

Breeze Smoke owns federal registrations of its BREEZE and BREEZE PRO marks. *See* U.S. Trademark Reg. No. 6,296,005; 6,296,004; and 6,992,438. Breeze Smoke also owns federal registrations for its BREEZE SMOKE and BREEZE PLUS marks, *see* U.S. Trademark Reg. Nos. 6,976,563 and 6,770,534. In addition, Breeze Smoke owns several U.S. Trademark Applications for its BREEZE and BREEZE PALM marks and several state registrations for its BREEZE-formative marks.

Breeze Smoke's BREEZE PRO products also bear a highly distinctive trade dress. An example showing the highly distinctive shape of the BREEZE PRO disposable e-cigarette is shown below.



Breeze Smoke's BREEZE PRO products are also marketed, offered and sold in a highly distinctive packaging that consumers associate exclusively with Breeze Smoke. An example is below:



Breeze Smoke has already made you aware of its activity protecting and enforcing its rights against infringers of its valuable intellectual property when it contacted you in its August 25, 2023 letter regarding your sale of FREEZE BAR products that infringe its BREEZE PRO e-cigarette products, and already provided you with copies of representative injunctions it has obtained against defendants. You have not responded to our prior letter.

Breeze Smoke has now discovered that in addition to the infringing FREEZE BAR products, you are offering for sale disposable e-cigarettes that infringe the BREEZE PRO disposable e-cigarette trade dress at your webpage www.speedwholesale.com. The trade dress of these products is virtually identical; the only difference is that these products bear the mark NORTH instead of the BREEZE PRO and BREEZE SMOKE marks that belong to our client. See below:





The designs of the Infringing Products are so similar that they have already caused multiple instances of confusion in the marketplace and will inevitably lead to more market confusion and significant economic damage to our client. Indeed, one can barely distinguish among the vape pen design of the BREEZE PRO disposable e-cigarette and the Infringing Product in shape, color, label design, font, font color and stylization. The packaging for the Infringing Products is also closely similar to the BREEZE PRO packaging, which consumers have become highly accustomed to seeing and selecting in connection with the BREEZE PRO disposable e-cigarette. They have the same overall look and feel with the same shape and size container, a bold color wrapping around the bottom portion intended to match the flavoring, the brand in all capital letters and in white font with the flavor written directly underneath and a tobacco warning at the bottom. Any consumer familiar with the BREEZE PRO brand—and there are many—would believe that the Infringing Product emanates from or is associated in some way with the BREEZE PRO disposable e-cigarette solely from the look and feel of the product design and design of the packaging for the Infringing Product.

Your sale and offer for sale of the Infringing Products bearing such closely similar trade dress to the genuine BREEZE PRO disposable e-cigarettes has caused many instances of confusion in the marketplace and is highly likely to continue to cause confusion and deception in the marketplace. Such use constitutes intentional and willful trade dress infringement, false designation of origin, false advertising, and unfair competition in violation of the U.S. Trademark Act, as amended, 15 U.S.C. § 1051 *et. seq*, and related state laws.

Further, as we pointed out in our prior letter to you, you surely are aware of Breeze Smoke's trademarks and rights, given that you continue to sell and offer Breeze Smoke's BREEZE PRO e-cigarette products on your website along with the infringing products. See, e.g.:



# HONIGMAN ®

Accordingly, Breeze Smoke demands that you immediately:

(1) Cease and desist all use, sales and offer for sale of the Infringing Products, including all marketing and promotion thereof in any medium;

(2) Provide us with an accounting of your sales pertaining to the Infringing Products, including: a) total number of items purchased, and the purchase price; b) total number of Infringing Products sold; c) gross and net profit per item; d) total gross and net profits associated with the sale of Infringing Products. Please support your figures with your sales records;

(3) Turn over to us all Infringing Products inventory in your possession or control, and let us know whether you are awaiting any additional orders that are still in transit (and if so, the details of those orders/shipments);

(4) Provide us with information regarding the source of the Infringing Products you purchased, including but not limited to sales invoices, shipping documentation receipts, credit card receipts and payment information, e-mail or other communications with the seller, and any other information you may have to help Breeze Smoke to understand the source of the products.

If we do not receive immediate confirmation that you will comply and in your confirmation that you agree you will provide full and complete responses within seven (7) days of this letter, Breeze Smoke may pursue legal action against you without further notice. In the event you reply to us immediately that you will provide full cooperation, Breeze Smoke will consider that information favorably to you.

Nothing in this letter waives any rights, remedies, claims, causes of action, or defenses of Breeze Smoke, all of which are expressly reserved.

Very truly yours,

HONIGMAN LLP

Jeffrey K. Lamb