**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| **MIDWEST GOODS INC., dba MIDWEST DISTRIBUTION ILLINOIS,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**BREEZE SMOKE LLC,**<br><br>        **Defendant.** | **CASE NO: 1:23-CV-05406**<br><br>**HONORABLE THOMAS M. DURKIN, PRESIDING**<br><br>**JURY TRIAL DEMANDED** |
| **BREEZE SMOKE LLC,**<br><br>        **Counterclaim Plaintiff,**<br>**v.**<br><br>**MIDWEST GOODS INC., dba MIDWEST DISTRIBUTION ILLIONIS, WISEMAN WHOLESALE, INC., SPEED WHOLESALE, INC., WORLD WHOLESALE, INC., LIGHT VIEW LLC,**<br><br>        **Counterclaim Defendants.** | |

**JOINT STATUS REPORT OF PARTIES WHO HAVE APPEARED TO DATE**

COMES NOW Plaintiff/Counterclaim Defendant Midwest Goods Inc., d/b/a Midwest Distribution Illinois ("Midwest"), Defendant/Counterclaim Plaintiff Breeze Smoke LLC ("Breeze"), Counterclaim Defendants Wiseman Wholesale, Inc. ("Wiseman") and World Wholesale, Inc. ("World"), who are the only parties to this action who have entered appearances of counsel to date (the "Appearing Parties"), by and through their undersigned attorneys, and pursuant to the Court's Orders, hereby state for their Joint Status Report the following:

1

50284056.1

1. **Nature of the Case/Claims Asserted/Relief Sought/Bases for Federal Jurisdiction**. This is an intellectual property dispute, involving, to date, asserted declaratory and/or affirmative claims and/or counterclaims of: (a) trade dress infringement under federal law; (b) patent infringement; (c) unfair competition under the Lanham Act; (d) deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act; and (e) common-law claims of tortious interference, disparagement, and unjust enrichment. The relief sought includes declaratory relief, injunctive relief, monetary damages, and related equitable relief. The asserted bases for federal subject matter jurisdiction include 28 U.S.C. §§ 1331, 1332, 1338 & 1367, as well as 15 U.S.C. § 1121.

2. **The Appearing Parties' Counsel**. Counsel for four parties have entered their appearances to date, and those parties and their counsel and lead trial attorneys are as follows:

A. **Midwest**

Drew G.A. Peel (N.D. Ill. Trial Bar Member; ARDC # 620973)
**RACHLIS DUFF & PEEL, LLC**
542 South Dearborn Street, Suite 900
Chicago, IL 60605
(312) 275-0337 (direct)
dpeel@rdaplaw.net

Stephen L. Levine (admitted *pro hac vice*; lead trial attorney)
Kelli M. Hinson (admitted *pro hac vice*)
Mark C. Howland (*pro hac vice* application forthcoming)
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX 75202
(214) 855-3000 (gen.)
slevine@ccsb.com
khinson@ccsb.com
mhowland@ccsb.com

B.    **Breeze**

Mary A. Hyde (ARDC # 6322004)
William B. Berndt (N.D. Ill. Trial Bar Member; ARDC # 6269408)
Jenna E. Saunders (ARDC # 6340287)
David J. Roulo (ARDC # 6342637)
HONIGMAN LLP
155 N Upper Wacker Dr. Ste 3100
Chicago, IL 60606-1734
mhyde@honigman.com
wberndt@honigman.com
jsaunders@honigman.com
droulo@honigman.com

Jeffrey K. Lamb (Lead Trial Counsel, ARDC # 6289998)
HONIGMAN LLP
660 Woodward Avenue, Ste 2290
Detroit, MI 48226-3506
jlamb@honigman.com

C.    **Wiseman & World**

Mason S Cole (ARDC No. 6307727)
Anthony Scarpiniti (ARDC No. 6342607)
**COLE SADKIN, LLC**
1652 W Belmont Ave, Ste 1
Chicago, IL 60657
mcole@colesadkin.com
ascarpiniti@colesadkin.com

3.    **Pending Motions**. On November 2, 2023, Breeze filed a motion for a preliminary injunction, and thereafter the Court entered a briefing schedule for the same. On November 3, 2023, Midwest filed a motion to dismiss, and thereafter the Court entered a briefing schedule for the same. On November 13, 2023, Wiseman and World filed an unopposed motion for extension of time to answer or otherwise plead. On November 22, 2023, Breeze filed a First Amended Answer and Counterclaims, including for the first time a claim for infringement of a design patent that was issued by the USPTO on November 21, 2023. Further, during a telephone conference among the Appearing Parties' counsel on November 29, 2023, Breeze advised that it intends to

3

move for default judgment as to Counterclaim Defendants Speed Wholesale, Inc. and Light View LLC, which parties are currently in default and for which parties no counsel have appeared to date.

        A.      Midwest believes that Breeze's First Amended Answer and Counterclaims does not fully cure the material defects on which Midwest's motion to dismiss is principally based, and therefore Midwest believes that briefing should proceed on Midwest's pending motion, and Breeze can simply address the Amended Counterclaims in its response to the Midwest motion to dismiss to the extent Breeze believes otherwise, and then Midwest can address such arguments (if any) in its reply. *See, e.g., Person v. Collett Enterprises, Inc.*, 2021 WL 2000369, at *1 n.1 (S.D. Ind. May 19, 2021) (declining to find filing of amended complaint for patent infringement mooted motion to dismiss addressed to original complaint, but denying motion on other grounds). Moreover, Midwest believes it is most efficient for the Court to have briefed and decided Midwest's motion to dismiss before argument and/or a hearing is had on Breeze's preliminary injunction motion, as fully granting Midwest's motion to dismiss will obviate any need to hear argument regarding or hold an evidentiary hearing respecting Breeze's preliminary injunction motion, or, in the alternative, partially granting Midwest's motion will reduce the evidentiary and other resource burdens on all parties and the Court. Wiseman and World agree with Midwest and will join in its motion to dismiss. Finally, because there is dispute regarding when Midwest is required to answer or otherwise plead to Breeze's Amended Counterclaim (because, *inter alia*, the Court's standing order respecting patent cases indicates an answer is not required until after the Court has met informally with counsel for the parties), Midwest intends to file a motion requesting an extension of time to answer or otherwise plead to Breeze's

50284056.1

Amended Counterclaim insofar as an answer could be found to be required on the schedule urged by Breeze below.

B. Breeze Smoke submits as follows:

1) The only live motion now properly before the Court is Breeze Smoke's Motion for a Preliminary Injunction (Dkt. #25). Briefing should continue on that motion as previously ordered by this Court and that motion should proceed to hearing as soon as reasonably practicable within the Court's discretion.

2) Midwest's original Motion to Dismiss (Dkt. #32) has been mooted by Breeze Smoke's November 22, 2023 First Amended Answer and Counterclaims (Dkt. #37). "When an amended complaint is filed, the prior pleading is ***withdrawn and the amended pleading is controlling***. For that reason, Courts in this District routinely deny motions to dismiss as moot after an amended complaint is filed." *Trading Techs. Intern., Inc. v. BGC Partners, Inc.*, 2010 WL 3272842, at *1 (N.D. Ill. Aug. 17, 2010) (emphasis added); *see also Laborers' Pension Fund v. Leopardo Const., Inc.*, 139 F.R.D. 634, 637 (N.D. Ill. 1991) (holding that "[t]he amended complaint will supersede the original complaint and will moot the defendant's motion to dismiss the original complaint.")).

3) Midwest and the other Counterclaim Defendants should respond to Breeze Smoke's First Amended Answer and Counterclaims within the time prescribed by Fed. R. Civ. P. 15(a)(3)—*i.e.*, fourteen days after service, or December 6, 2023—or on another date set by the Court in its discretion.

4) Midwest's proposal to continue briefing its now-moot Motion to Dismiss ignores this Court's usual procedures, is inefficient, and appears calculated to delay

5

50284056.1

proceedings in this matter—especially with respect to a decision on Breeze Smoke's motion for preliminary injunction.

4.  **Discovery Plan**.

A.      Midwest believes it is premature to set a discovery schedule at this juncture, consistent with the Court's standing order requiring an in-person meeting of counsel as to patent cases, and because Midwest believes granting its motion to dismiss will obviate or materially lessen the need for discovery. Moreover, according to their express terms, the Local Patent Rules apply only to claims based on a "utility patent" (LPR 1.1), whereas the recently-added claim of Breeze is based on a design patent. *See also Colida v. Panasonic Corp.*, 2010 U.S. Dist. LEXIS 98574, *4-5 (N.D. Ill. Sept. 20, 2010) (finding Local Patent Rules were inapplicable to design patent case).[1] Thus, given uncertainty regarding whether and to what extent the Local Patent Rules (including the standard confidentiality order prescribed by those Rules and the ESI Rules for patent cases) will apply in this case, Midwest believes that a discovery plan and case schedule should only be established after the parties' counsel and Court have met to discuss the same. Wiseman and World agree with Midwest.

B.      Breeze Smoke submits as follows:

1)  Breeze Smoke has answered Plaintiff Midwest's Complaint, and discovery in this case should commence immediately, including in connection with Breeze Smoke's Motion for a Preliminary Injunction.  The parties should hold their Rule 26(f)

---

[1] While the Court's standing order suggests that all patent cases are subject to the Local Patent Rules, it does not specifically reference design or utility patents, and it further makes clear that discovery and other proceedings in patent cases should be tailored to the particular case after the parties' counsel and court have had an opportunity to confer regarding the same.

50284056.1

Conference during the week of December 4, 2023 and the Court should set a Rule 16 Conference for as soon as reasonably practicable within its discretion.

2) Because Breeze Smoke has asserted a patent infringement counterclaim based on a *design* patent—not a utility patent—the Local Patent Rules regarding patent cases should not apply. Local Patent Rule ("LPR") 1.1 is clear that those rules only "apply to all cases filed in or transferred to this District after September 24, 2009, in which a party makes a claim of infringement, non-infringement, invalidity, or unenforceability of a *utility* patent." LPR 1.1 (emphases added). And Courts in this District have found that the local patent rules do not apply to *design* patent cases. *See Colida v. Panasonic Corp.*, 2010 U.S. Dist. LEXIS 98574, *4-5 (N.D. Ill. Sept. 20, 2010) (Kennelly, J.) ("The Local Patent Rules do not by their terms apply to design patent cases … and there is no reason to impose a schedule of that length and complexity in this present case."); *Zojo Sols., Inc. v. Leviton Mfg. Co.*, No. 10 C 881, 2010 WL 4257546, at *3 (N.D. Ill. Oct. 20, 2010) (noting that the Local Patent Rules apply to claims of "infringement, noninfringement, invalidity, or unenforceability" of a patent but finding that they do not apply to the "false-marking" claims related to two design patents.). Breeze Smoke submits that there is no reason to impose the Local Patent Rules to this relatively simple Lanham Act and design patent case, and that discovery should proceed under this Court's regular discovery procedures.

5. **Jury**. Both Midwest and Breeze have requested a jury trial on their respective claims and counterclaims insofar as those claims, counterclaims and associated defenses are triable

7

50284056.1

to a jury. While future developments may affect this, the Appearing Parties currently believe that a trial should require no more than approximately two weeks.

6. **Magistrate**. The parties do not unanimously consent to proceed before a Magistrate Judge for all matters in this case.

7. **Settlement & Mediation**. The Appearing Parties have had no meaningful settlement discussions to date. Further, at this time the Appearing Parties do not believe that participation in the voluntary mediation program for Lanham Act cases makes sense at this juncture, although a mediation may make sense at a future juncture. The Appearing Parties are open to participating in a settlement conference with the Magistrate Judge assigned to this case but do not believe that such a settlement conference should occur at this juncture of the litigation.

Dated: November 30, 2023

Respectfully submitted,

<table>
<tr><td>

**/s/** Drew G.A. Peel

Drew G.A. Peel
RACHLIS DUFF & PEEL, LLC
542 South Dearborn Street, Suite 900
Chicago, IL 60605
(312) 275-0337 (direct)
dpeel@rdaplaw.net

Stephen L. Levine (admitted *pro hac vice*)
Kelli M. Hinson (admitted *pro hac vice*)
Mark C. Howland (*pro hac vice* application forthcoming)
CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.
901 Main Street, Suite 5500
Dallas, TX 75202
(214) 855-3000 (gen.)
slevine@ccsb.com
khinson@ccsb.com
mhowland@ccsb.com
*Counsel for Midwest Goods Inc., dba Midwest Distribution Illinois*

</td><td>

/s/ Mary A. Hyde

Mary A. Hyde
William B. Berndt
Jenna E. Saunders
David J. Roulo
HONIGMAN LLP
155 N Upper Wacker Dr. Ste 3100
Chicago, IL 60606-1734
mhyde@honigman.com
wberndt@honigman.com
jsaunders@honigman.com
droulo@honigman.com

Jeffrey K. Lamb
HONIGMAN LLP
660 Woodward Avenue, Ste 2290
Detroit, MI 48226-3506
jlamb@honigman.com
*Counsel for Breeze Smoke LLC*

</td></tr>
</table>

8

50284056.1

/s/ Anthony Scarpiniti

Mason S Cole
Anthony Scarpiniti
COLE SADKIN, LLC
1652 W Belmont Ave, Ste 1
Chicago, IL 60657
mcole@colesadkin.com
ascarpiniti@colesadkin.com
*Counsel for Wiseman Wholesale, Inc. and Worldwide Wholesale, Inc.*

9

50284056.1