| | |
|---|---|
| **MIDWEST GOODS INC., dba MIDWEST DISTRIBUTION ILLINOIS,** | **CASE NO: 1:23-CV-05406** |
| **Plaintiff,** | **HONORABLE THOMAS M. DURKIN, PRESIDING** |
| **v.** | **JURY TRIAL DEMANDED** |
| **BREEZE SMOKE LLC,** | |
| **Defendant.** | |
| **BREEZE SMOKE LLC,** | |
| **Counterclaim Plaintiff,** | |
| **v.** | |
| **MIDWEST GOODS INC., dba MIDWEST DISTRIBUTION ILLINOIS, WISEMEN WHOLESALE, INC., SPEED WHOLESALE, INC., WORLD WHOLESALE, INC., LIGHT VIEW LLC,** | |
| **Counterclaim Defendants.** | |

## JOINT SUBMISSION OF THE PARTIES' PROPOSED DISCOVERY PLANS

COMES NOW Plaintiff/Counterclaim Defendant Midwest Goods Inc., d/b/a Midwest Distribution Illinois ("Midwest"), Defendant/Counterclaim Plaintiff Breeze Smoke LLC ("Breeze"), and Counterclaim Defendants Wisemen Wholesale, Inc. ("Wisemen") and World Wholesale, Inc. ("World"), who are the only parties to this action who have entered appearances of counsel to date (the "Appearing Parties"), by and through their undersigned attorneys, and pursuant to the Court's Order of December 7, 2023 (Dkt. No. 47), hereby state the following:

1

1. **<u>Discovery Plan</u>**.

    A. **General Type of Discovery Needed.**

    The parties intend to seek discovery to support and/or defend against claims of (a) trade dress infringement under federal law; (b) design patent infringement; (c) unfair competition under the Lanham Act; (d) deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act; and (e) common-law claims of tortious interference and unjust enrichment. The Appearing Parties contemplate that there will be written, oral, fact and expert discovery, as well as discovery sought from third parties. Breeze intends to also take discovery regarding Midwest, Wisemen, and World's marketing and sales of and profits from the accused products, including, but not limited to, their communications with each other and with other non-parties in the distribution chain for these products. Breeze further intends to take discovery regarding Midwest, Wisemen, and World's knowledge of the trade dress and patent in suit and their intent to trade off Breeze's reputation, brand, and position in the market, to support its willful infringement claims. Breeze also intends to take discovery regarding Midwest's claims and any defenses or counterclaims that Midwest, Wisemen, and/or World may make.

    B. **Proposed Discovery and Case Timeline**

    **Agreed Dates:**

    - Discovery Commenced on December 12, 2023

    - Rule 26(a)(1) Initial Disclosures to be exchanged on January 10, 2024

    - If expedited discovery is needed with respect to preliminary injunction proceedings, the parties shall meet and confer regarding the same and advise the Court as to agreed or respective positions regarding such expedited discovery no later than February 9, 2024.

- Deadline for amending pleadings and/or adding parties without leave of Court, April 17, 2024

**Breeze's Proposal:**

This is a standard Lanham Act case. The design patent asserted is straightforward and discovery regarding infringement should significantly overlap with the trade dress discovery. The Court has already ruled that the local patent rules do not apply to the design patent portion of this case. Discovery for this case should run like a typical general commercial litigation matter and should proceed briskly. Midwest's schedule improperly incorporates the local patent rules and unnecessarily complicates and delays this straightforward action.

Because the Court has already ruled that the local patent rules do not apply, a delineated schedule for patent contentions is neither necessary nor proper. Any patent contention-related written discovery can and should be sought through interrogatories.

For the same reasons, Breeze does not believe that claim construction will be necessary as a matter of course in this case before summary judgment or trial. Accordingly Breeze proposes the following discovery dates:

- Service of opening expert reports (liability): May 22, 2024

- Service of responsive expert reports (liability): June 26, 2024

- Service of reply expert reports (liability): July 24, 2024

- Expert Discovery completion date (liability): September 13, 2024

- Fact Discovery completion date: October 4, 2024

- Service of opening expert reports (non-liability): September 13, 2024

- Service of responsive expert reports (non-liability): October 18, 2024

- Service of reply expert reports (non-liability): November 11, 2024

- Expert Discovery completion date (non-liability): January 17, 2025

**Midwest's Proposal:**

Breeze has included a patent claim in its Amended Counterclaims, and while that claim is based on a design patent, not a utility patent, there remains a need for additional procedures addressed to patent claims that are unique to that type of claim and that will not overlap with discovery addressed to trade dress and other claims. More particularly, Midwest does not ask the Court to apply the Local Patent Rules in this case, as those Rules contain provisions that are specific to utility patent claims. Midwest is agreeable to obtaining patent contention discovery through interrogatories but believes that an additional five patent-specific interrogatories (in addition to the 25 otherwise allowable under the Rules) should be allowed to each of the parties.

However, just as with utility patent claims, the Court must construe the meaning and scope of a design patent claim as a matter of law before the fact finder compares the properly construed claim to the accused design. For this reason, Midwest requests that the Court construe the claims following a claim construction disclosure and briefing schedule that is tailored to the claim construction issues to be addressed in a design patent case.

And, with respect to phasing discovery to address liability issues in advance of damages issues, which Midwest believes is proper and appropriate in this case, Midwest proposes the following:

- Expert discovery for non-patent liability issues (which are not as involved as patent liability issues and it is believed will involve different experts)

  a. Party with burden of proof as to liability for non-patent claims serves opening expert report on July 1, 2024

  b. Rebuttal reports served on or before August 1, 2024

c.      Depositions of experts completed by August 30, 2024

- Claim Construction (Markman) Proceedings

    a.      Parties exchange proposed claim terms and constructions on August 16, 2024, including: (1) what features of claimed design, if any, are functional; and (2) what features of the claimed design, if any, are novel in view of the known prior art.

    b.      Parties file their opening claim construction briefs and joint appendix (see LPR 4.2(a)-(b)) on September 20, 2024.

    c.      Parties file their responsive claim construction briefs (see LPR 4.2(c)) on October 18, 2024.

    d.      Court to conduct Markman hearing on date on or after October 25, 2024 to be determined by Court

    e.      Court issues claim construction order thereafter on date to be determined by the Court

- Deadline to supplement or amend interrogatory responses containing patent-related contentions (infringement, non-infringement, invalidity, validity, unenforceability, or enforceability) is 30 days after the Court issues its claim construction order.[1] Supplementing or amending interrogatory responses containing patent-related contentions after this deadline shall occur only by leave of Court upon a showing of good cause.

---

[1] Midwest's proposal in this regard presupposes that Breeze will produce for deposition in the U.S. the inventor and assignor referenced in the patent in suit (who appear to reside and work in China). If that is not the case and discovery proceedings need to be commenced in China or elsewhere outside the United States, then Midwest believes additional time may need to be built into the schedule to address that.

- If dispositive motions regarding liability are filed and denied, then opening expert reports regarding damages (patent and non-patent) are to be served 30 days after the denial of liability dispositive motions by the party with the burden of proof as to such damages, and rebuttal expert reports regarding damages (patent and non-patent) are to be served 30 days later, and all discovery is to be completed within an additional 30 days. If no dispositive motions regarding liability are filed within 30 days of issuance of rebuttal expert reports regarding patent liability, then opening expert reports regarding damages (patent and non-patent) are to be served within 45 days after the service of rebuttal liability reports, and rebuttal expert reports regarding damages (patent and non-patent) are to be served 30 days later, and all discovery is to be completed within an additional 30 days.

### C.       Limits on Discovery

With the exception of a modest enlargement of the number of interrogatories referenced above by Midwest to be addressed to patent claim issues, (additional five patent-specific interrogatories (in addition to the 25 otherwise allowable under the Rules) should be allowed to each of the parties) the Appearing Parties believe it is premature to set limits on or expand written discovery beyond the limits otherwise imposed by the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure limit discovery in Rule 26(b)(1) to that discovery that is relevant and proportional to the needs of the case, and Rule 26(c) permits the court to limit discovery that is unduly burdensome. The Appearing Parties will proceed with discovery in good faith, expect one another to do the same, and do not believe that preemptive limits on discovery are appropriate at this time.

### D. E-Discovery Plan

The Appearing Parties anticipate that discovery will encompass electronically stored information, and the parties will meet and confer and submit a joint proposed electronic discovery order by January 12, 2024. The parties do not anticipate any electronic discovery disputes at this time.

### E. Protective Order

The Appearing Parties will meet and confer and submit a joint proposed protective order by January 12, 2024.

### 2. Midwest Stay Proposal.

**Midwest's Position:**

Consistent with the Court's questions at the December 7, 2023 status conference, Midwest has proposed that in order to streamline proceedings and minimize costs and legal fees, the Counterclaim Defendants who are distributors (*e.g.*, Wisemen, World) and Breeze enter into a stipulated stay of the litigation addressing such parties, including an appropriate document preservation order, and provisions indicating that the Counterclaim Defendants agree to be bound by other rulings in the case.

**Breeze's Position:**

Breeze believes that the case against the distributor counterclaim defendants, such as Wisemen and World (and any others who appear), must continue without a stay. In the first instance, Breeze is unaware of any basis to stay claims or discovery against a distributor accused of infringement in a Lanham Act case. To the extent that Midwest, Wisemen, or World will argue that such a stay should occur in patent cases, Breeze will oppose. A stay is not appropriate when a customer and manufacturer are being tried in the same litigation. *In re Dell Inc.*, 600 F. App'x

728, 730 (Fed. Cir. 2015).  It would be highly inefficient to delay Breeze's prosecution of its claims against the two responding distributors, not least because discovery from the distributors is necessary to prosecute Breeze's claims against Midwest.  Breeze reserves the right to fully brief and oppose any stay motion by any of the counterclaim defendants.

December 15, 2023

Respectfully submitted,

/s/*Drew G.A. Peel*
Drew G.A. Peel
**RACHLIS DUFF & PEEL, LLC**
542 South Dearborn Street, Suite 900
Chicago, IL 60605
(312) 275-0337 (direct)
dpeel@rdaplaw.net

Stephen L. Levine (admitted *pro hac vice*)
Kelli M. Hinson (admitted *pro hac vice*)
Mark C. Howland (*pro hac vice* application forthcoming)
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX  75202
(214) 855-3000 (gen.)
slevine@ccsb.com
khinson@ccsb.com
mhowland@ccsb.com

*Counsel for Midwest Goods Inc., dba Midwest Distribution Illinois*

/s/*Mary A. Hyde*
Mary A. Hyde
Vikram A. Mathrani
William B. Berndt
Jenna E. Saunders
David J. Roulo
**HONIGMAN LLP**
155 N Upper Wacker Dr. Ste 3100
Chicago, IL 60606-1734
mhyde@honigman.com
vmathrani@honigman.com
wberndt@honigman.com
jsaunders@honigman.com
droulo@honigman.com

Jeffrey K. Lamb
**HONIGMAN LLP**
660 Woodward Avenue, Ste 2290
Detroit, MI 48226-3506
jlamb@honigman.com

*Counsel for Breeze Smoke LLC*

/s/*Mason S. Cole*
Mason S. Cole
Anthony Scarpiniti
**COLE SADKIN, LLC**
1652 W Belmont Ave, Ste 1
Chicago, IL 60657
mcole@colesadkin.com

*Counsel for Wisemen Wholesale, Inc. and Worldwide Wholesale, Inc.*