## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **MIDWEST GOODS INC., dba MIDWEST DISTRIBUTION ILLINOIS,**<br><br>      **Plaintiff,**<br><br><br>**v.**<br><br>**BREEZE SMOKE LLC,**<br><br>      **Defendant.** | **CASE NO: 1:23-CV-05406**<br><br>**HONORABLE THOMAS M. DURKIN, HONORABLE BETH W. JANTZ, PRESIDING**<br><br>**JURY TRIAL DEMANDED** |
| **BREEZE SMOKE LLC,**<br><br>      **Counterclaim Plaintiff,**<br>**v.**<br><br>**MIDWEST GOODS INC., dba MIDWEST DISTRIBUTION ILLIONIS, WISEMEN WHOLESALE, INC., SPEED WHOLESALE, INC., WORLD WHOLESALE, INC., LIGHT VIEW LLC,**<br><br>      **Counterclaim Defendants.** | |

## JOINT SUBMISSION RE EXPEDITED DISCOVERY FOR PRELIMINARY INJUNCTION PROCEEDINGS

Plaintiff/Counterclaim Defendant Midwest Goods Inc., d/b/a Midwest Distribution Illinois ("Midwest"), Defendant/Counterclaim Plaintiff Breeze Smoke LLC ("Breeze"), Counterclaim Defendants Wisemen Wholesale, Inc. ("Wisemen") and World Wholesale, Inc. ("World") submit their positions regarding expedited discovery for the preliminary injunction proceedings in this case.

1

**<u>Breeze's Proposal</u>:**

This Court ordered the parties to submit proposals regarding expedited discovery in connection with preliminary injunction proceedings in this case. (Dkt. #59.) Breeze has met and conferred with Midwest and Midwest, despite initiating this case as Plaintiff, has resisted expedited discovery as the Court will see below. World and Wisemen have likewise resisted expedited discovery. Breeze proposes that certain narrowly tailored expedited discovery would be helpful for fulsome consideration of Breeze's preliminary injunction motion, especially in light of the arguments that Midwest has made and new evidence, including proposed expert testimony, Midwest has submitted in connection with its opposition papers. (Dkt. #66.)

In contrast, Midwest seeks below a laundry list of documents of incredibly broad scope that have little relevance to the pending preliminary injunction motion. Midwest's proposal appears aimed at convincing the Court that the necessary preliminary injunction discovery would be so voluminous that preliminary injunction discovery should be denied altogether (it is not and should not) or that preliminary injunction proceedings should be deferred indefinitely (they should not).

Breeze also notes that the Court has already considered and rejected Midwest's request for a stay of discovery while Midwest's Motion to Dismiss is pending, and Midwest's plea below for the Court to reconsider that decision is untimely and improper. (*See, e.g.*, Dkt. #47, #59.)

Breeze requests the following limited and appropriate expedited discovery:

**A. Documents** – to be produced by all Counterclaim Defendants by March 1, 2024:

1. Sales records of the accused North product;

2. Documents and communications, including text messages, messages, email, and messaging apps, with employees, distributors, customers, retailers, wholesalers, manufacturers, or others about:

a. comparisons between the Breeze Pro and the accused North products

b. confusion between the Breeze Pro and the accused North products

c. intent to copy and copying of Breeze Pro

d. the design of the accused North products

3. Documents considered or relied on by Dr. Thomas J. Maronick in preparing his declaration submitted with Midwest's opposition to Breeze's Motion for Preliminary Injunction and the documents related to the surveys he conducted;

4. Documents considered or relied on by Mudassir Yasin in preparing his declaration submitted with Midwest's opposition to Breeze's Motion for Preliminary Injunction.

**B. Depositions** – witnesses to be made available by March 15, 2024:

1. Dr. Thomas J. Maronick – declarant in support of Midwest's opposition;

2. Mudassir Yasin – declarant in support of Midwest's opposition.

All of the discovery Breeze is requesting to be completed on an expedited basis is narrowly tailored to issues pertaining directly to the preliminary injunction proceedings. *See Admiin Inc. v. Kohan*, No. 23-cv-04430, 2023 WL 4625897, at \*13 (N.D. Ill. July 19, 2023) (granting limited expedited discovery where it would aid the Court in having a fuller evidentiary record for the preliminary injunction hearing). Breeze seeks sales records to show the magnitude of irreparable harm that Counterclaim Defendants have caused. Breeze seeks communications and documents about the design of the North products, copying of Breeze Pro, and comparisons and confusion surrounding the Breeze Pro and North products, to show likelihood of confusion, which is a

component of trade dress infringement.  Midwest brought likelihood of confusion front and center by repeatedly focusing on it in its opposition brief.  Breeze believes it is only fair for there to be a full record of evidence showing likelihood of confusion in light of Midwest's focus on the subject. Of note, Breeze believes it is especially important that the above document production include text messages, messaging apps, and the like, because that is a key method of communication in the vaping products industry.  Further, Breeze believes it is proper to take the depositions of the declarants that Midwest put forth in support of its opposition papers in order to test the facts and opinions recited therein.

**Request for Evidentiary Hearing.**  Given the factual record in this case, including the facts and testimony propounded by Midwest, Breeze believes that it would be productive for the Court to hold an evidentiary hearing for the preliminary injunction motion so that the Court can hear and consider the evidence and make credibility determinations of the parties' witnesses.  In addition to the depositions of Dr. Thomas J. Maronick and Mudassir Yasin, Breeze will also request to take the depositions of all witnesses that Midwest, Wisemen, or World intend to call to testify at the evidentiary hearing.

<u>**Midwest's Proposal**</u>**:**

As directed by the Court's December 28, 2023 Order (Dkt. #59), Midwest has conferred with Breeze ("BS"), and Midwest's position, as further detailed below, is that ***no*** expedited discovery is needed or should be ordered at this juncture for at least three reasons. ***First***, Midwest's pending and fully-briefed motion to dismiss ("Midwest's MTD"), if granted in whole or in part (as it should be), either will obviate any need for – or at least narrow materially the scope of – any further proceedings addressed to BS's renewed motion for preliminary injunction ("BS PI Motion"). ***Second***, discovery already is ongoing, and no evidentiary hearing has to date been calendared with respect to the BS PI Motion, briefing regarding that motion and a related motion will not even be completed until March 22, 2024, and the Court ultimately may determine that no evidentiary hearing or further evidentiary submissions are required to decide the BS PI Motion. If Midwest's MTD is denied in whole or in part and an evidentiary hearing or additional evidentiary submissions are ordered, then any necessary expedited discovery ordered and allowed should be determined at that future juncture in light of the Court's rulings on Midwest's MTD, discovery already completed as of that date, and the particular proceedings that are being ordered with respect to the BS PI Motion and the schedule set for the same. ***Third***, the primary focus of the BS expedited requests appear directed to: (i) Midwest's competitive information that BS purports to discover for irreparable harm, which is of no moment if BS cannot first at least plausibly demonstrate the elements of its case-in-chief; and (ii) areas where BS provided only conclusory allegations, but none of its own admissible proof (*e.g.*, BS provided no expert survey evidence).

**Midwest's MTD** - Midwest has filed a motion to dismiss BS's First Amended Counterclaim. (Dkt. ## 57, 58) Briefing on the motion was completed on February 6, 2024. (Dkt. #67) Midwest's MTD seeks dismissal of each of BS's claims on the grounds that BS has

failed to plausibly plead functionality applicable to both its trade dress and patent claims, a lack of distinctiveness and likelihood of confusion for its trade dress claims, and a lack of patent infringement for its design patent claim. In ruling on Midwest's motion, the Court may very well dismiss BS's claims in their entirety. If not, the Court may still dismiss one or more of BS's claims or require BS to replead to identify the particular features or design elements it is claiming are infringed in either the trade dress or design patent claims, respectively, any of which result would reshape the case and the scope of discovery needed.

**Discovery And Expedited Discovery Are Not Always Appropriate** - While Midwest has not sought a stay of discovery and has affirmative claims of its own for which it has sought discovery, "[to] avoid the cost and burden of potentially unnecessary discovery, courts frequently stay discovery pending a motion to dismiss the complaint … 'where ... discovery may be especially burdensome and costly to the parties.'" *Vital Proteins, LLC v. Ancient Brands, LLC*, 2023 WL 5671857, at *3 (N.D. Ill. Sept. 1, 2023) (quoting *Aland v. U.S. Dep't of the Interior*, 2022 WL 18027569, at *4 (N.D. Ill. Dec. 30, 2022) (alterations in original). Indeed, although a discovery stay is not mandatory, "discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Aland*, 2022 WL 18027569, at *4 (citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005)). Moreover, the kind of expedited discovery BS now seeks would be burdensome, costly, and likely unnecessary, and the parties should not be put to that additional expense before the viability and/or scope of BS's claims are determined by a ruling on Midwest's MTD. "Expedited discovery is not the norm. [Movant] must make some prima facie showing of the need for the expedited discovery." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000). Courts must also protect defendants from unfair expedited discovery. *Id*. BS seeks electronically-

stored information on a variety of subjects, which would be burdensome to search for on an expedited basis, as well as sales records for the NORTH product, which contain proprietary and extremely sensitive information (particularly when being requested by a direct competitor). In addition, at least one of the requested deponents is an observant Muslim, and it would be unduly burdensome for him to give his deposition or assist in responding to discovery during Ramadan, which will be March 10, 2024 through April 9, 2024, particularly given the lack of necessity for the expedited schedule. BS thus cannot show at this juncture that the expedited discovery it seeks is necessary to present its case at any preliminary injunction hearing.

**No Expedited Discovery Urgently Required** - There is no urgency warranting expedited discovery, and the lack of expedited discovery will not prejudice BS because the BS PI Motion is not yet fully briefed, briefing relating to that motion (per a briefing schedule, requested by BS and approved by the Court) will not be complete until March 22, 2024 (Dkt. # 64, 65), and no evidentiary hearing or other proceedings addressed to the BS PI Motion have been calendared to date. Moreover, this case has been on file since August 2023 (Dkt #1), the BS PI Motion was filed more than four months later, on December 21, 2023 (Dkt. # 52, 53, 54, 55), and BS has not moved the Court to expedite briefing or a determination of its motion. Allowing discovery to proceed at an orderly pace, while allowing the Court sufficient time to rule on Midwest's MTD, will therefore not cause undue additional delay or prejudice.

**If Expedited Discovery Is Ordered, Midwest Would Want Some** - Nevertheless, to the extent the Court rules that expedited discovery should take place at this juncture, then Midwest would propose the following process to assure that such discovery is narrowly and properly tailored here, commencing with the issuance of the Court's ruling:

- Identification by each party of the witnesses the party will call to testify at any preliminary injunction evidentiary hearing within five business days;

- Parties to respond to any outstanding interrogatories not previously answered within ten business days;

- BS to complete production of the following documents (to the extent not already produced) within twenty business days:

    1. Documents sufficient to show representative examples of each type of BS advertising and each medium used for such advertising;

    2. All Documents relating to the adoption, acquisition, conception, creation, design, or origination, including but not limited to any drafts, iterations, modifications, and variations, of the Breeze Smoke Trade Dress;

    3. All Documents relating to any manner in which a BS device, including but not limited to any aspect of the Breeze Smoke Trade Dress, builds on the specifications of a disposable e-cigarette product called 'Arctic Smoke';

    4. Documents sufficient to identify the geographic regions in the United States in which BS has or has caused to be advertised, promoted, marketed, displayed, distributed, or sold, or plans or intends to advertise, promote, market, display distribute, or sell, either directly or through others, any goods under or in connection with the Breeze Smoke Trade Dress;

    5. Copies of all Documents, including trademark or trade dress searches, clearances, internet print-outs, and other inquiries conducted by or on behalf of BS concerning its contentions of first use of any aspect in either the BREEZE PRO Packaging Trade Dress, the BREEZE PRO Product Design Trade Dress, or the NORTH Product;

    6. All Documents, including any communications, third party including customer or distributor statements, studies, surveys, investigations, research, development, analysis, or opinions relating to (i) comparing the Breeze Smoke Trade Dress to the NORTH Product or the packaging thereof, (ii) the functionality of the Breeze Smoke Trade Dress, (iii) any secondary meaning in the Breeze Smoke Trade Dress, (iv) any likelihood of confusion between the Breeze Smoke Trade Dress and the NORTH Product or the packaging thereof, or (v) any actual confusion between the Breeze Smoke Trade Dress and the NORTH Product or the packaging thereof;

    7. Documents sufficient to show the monthly volume of sales (in dollars and units) of all goods or services sold, directly or indirectly, by BS under, in connection with, or including any of the Breeze Smoke Trade Dress;

    8. Documents sufficient to show the annual advertising expenditures (in dollars) spent to promote the Breeze Smoke Trade Dress, apart from the word BREEZE;

    9. Any communications between BS and Shenyi Wang, and any communications in BS's possession regarding Shenyi Wang, in connection with any of the BREEZE PRO Product Design Trade Dress, the BREEZE PRO Packaging Trade Dress, the '573 design patent, the China patent application 2021301162273 or China patent

CN306673860, or the China patent application 2021303809714 or China patent CN307006622;

10.    Any communications between BS and Shenzhen Shikai Technology Co., Ltd., and any communications in BS's possession regarding Shenzhen Shikai Technology Co., Ltd, in connection with any of the BREEZE PRO Product Design Trade Dress, the BREEZE PRO Packaging Trade Dress, the '573 design patent, the China patent application 2021301162273 or China patent CN306673860, or the China patent application 2021303809714 or China patent CN307006622;

11.    All documents relating to the conception, diligence, reduction to practice, filing, inventorship, including but not limited to any drafts, iterations, modifications, and variations, and ownership (including transfer thereof), of China patent application 2021301162273 or China patent CN306673860, including any filing in the United States (other than what is public record in the Patent Office records for the '573 design patent) that includes any subject matter included in either China patent application 2021301162273 or China patent CN306673860;

12.    All documents relating to the conception, diligence, reduction to practice, filing, inventorship, including but not limited to any drafts, iterations, modifications, and variations, and ownership (including transfer thereof), of China patent application 2021303809714 or China patent  CN307006622, including any filing in the United States that includes any subject matter included in either China patent application 2021303809714 or China patent CN307006622;

13.    All Documents relating to any steps taken, or effects incurred by, BS in the marketing, sales, product availability, distribution chain, and volume of BS electronic nicotine delivery system devices, in response to the decision of any court, the FDA, or government agency or representative, in connection with any BS PMTA(s); and

14.    All Documents relating to any change in vape sales by Breeze Smoke in response to an FDA "Warning Letter", dated May 25, 2023, addressed to Breeze Smoke, LLC, including but not limited to any BS response to said letter.

- BS to produce the following witnesses for deposition within 30 business days:

1.    Steven Haddad;

2.    Mark Kareem; and

3.    Any other witnesses who BS indicates will testify at an evidentiary hearing on Breeze's PI Motion.

**Need For Evidentiary Hearing On BS's PI Motion** – Midwest's position is that no evidentiary hearing should be calendared or required with respect to BS's PI Motion until the Court rules on (and denies) Midwest's MTD. Following a ruling on Midwest's MTD, if the Court is to consider holding an evidentiary hearing, then the parties should briefly address whether and to

what extent such a hearing should be ordered in separate written submissions to Judge Durkin of

no more than five pages in length.

Respectfully submitted,

/s/ *Drew G.A. Peel*
Drew G.A. Peel
**RACHLIS DUFF & PEEL, LLC**
542 South Dearborn Street, Suite 900
Chicago, IL 60605
(312) 275-0337 (direct)
dpeel@rdaplaw.net

Stephen L. Levine (admitted *pro hac vice*)
Kelli M. Hinson (admitted *pro hac vice*)
Mark C. Howland (*pro hac vice* application forthcoming)
**CARRINGTON, COLEMAN, SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX  75202
(214) 855-3000 (gen.)
slevine@ccsb.com
khinson@ccsb.com
mhowland@ccsb.com

*Counsel for Midwest Goods Inc., dba Midwest Distribution Illinois*

/s/ *Mary A. Hyde*
Mary A. Hyde
Vikram A. Mathrani
William B. Berndt
Jenna E. Saunders
David J. Roulo
**HONIGMAN LLP**
155 N Upper Wacker Dr. Suite 3100
Chicago, IL 60606-1734
mhyde@honigman.com
vmathrani@honigman.com
wberndt@honigman.com
jsaunders@honigman.com
droulo@honigman.com

Jeffrey K. Lamb
**HONIGMAN LLP**
660 Woodward Avenue, Suite 2290
Detroit, MI 48226-3506
jlamb@honigman.com

*Counsel for Breeze Smoke LLC*

/s/ *Mason S. Cole*
Mason S Cole
Anthony Scarpiniti
**COLE SADKIN, LLC**
1652 W Belmont Ave, Suite 1
Chicago, IL 60657
mcole@colesadkin.com

*Counsel for Wisemen Wholesale, Inc. and World Wholesale, Inc.*