| | |
|---|---|
| **MIDWEST GOODS INC., dba MIDWEST DISTRIBUTION ILLINOIS,**<br><br>   **Plaintiff,**<br><br><br>**v.**<br><br>**BREEZE SMOKE LLC,**<br><br>   **Defendant.** | **CASE NO: 1:23-CV-05406**<br><br>**HONORABLE THOMAS M. DURKIN, HONORABLE BETH W. JANTZ, PRESIDING**<br><br>**JURY TRIAL DEMANDED** |
| **BREEZE SMOKE LLC,**<br><br>   **Counterclaim Plaintiff,**<br>**v.**<br><br>**MIDWEST GOODS INC., dba MIDWEST DISTRIBUTION ILLIONIS, WISEMEN WHOLESALE, INC., SPEED WHOLESALE, INC., WORLD WHOLESALE, INC., LIGHT VIEW LLC,**<br><br>   **Counterclaim Defendants.** | |

## PRE-HEARING SUBMISSION REGARDING ESI ORDER

Defendant/Counterclaim Plaintiff Breeze Smoke LLC ("Breeze Smoke") submits this update in advance of the Court's March 7, 2024 discovery hearing. Breeze Smoke and Plaintiff/Counterclaim Defendant Midwest Goods Inc. ("Midwest") disagree about the scope of an ESI order for this case. The parties have exchanged several drafts, been in regular communication, and formally met and conferred on March 1, 2024 in an attempt to resolve their

dispute without court intervention.[1]  Although the parties have resolved many of their initial disagreements, outstanding issues remain, resulting in delay in obtaining valuable discovery. Breeze Smoke therefore respectfully submits this status update in advance of the March 7 hearing to apprise the Court of the remaining ESI issues in dispute.  Breeze Smoke also attaches a proposed ESI order (and will separately submit a Word version) and respectfully requests that the Court enter Breeze Smoke's ESI order.

Breeze Smoke has pushed for months to obtain the discovery needed to supports its preliminary injunction motion.  Breeze Smoke served document requests on counterclaim-defendants in December.  Breeze Smoke then requested expedited discovery in order to obtain narrowly-tailored discovery needed to support its motion. Dkt. #68.  Midwest has opposed this discovery and has further resisted producing documents in response to Breeze Smoke's document requests.  As the plaintiff in this case, Midwest should be the party moving the case forward, but instead, Breeze Smoke is the party pushing to move forward with discovery.

The parties disagree on key provisions of an ESI protocol, in particular, about whether there should be custodian limits and search term limits and the process for selecting and using search terms for collecting documents.  The root of the disagreement is Midwest's improper attempts to incorporate custodian and search term limits contained in the ESI provisions from the local patent rules into this case, which is primarily a Lanham Act case.  This has the effect of overcomplicating and slowing down discovery.  Midwest previously attempted to apply the local patent rules to this case, and this Court already rejected that approach and ruled that ***the local***

---

[1] Counsel for Counterclaim Defendants Wisemen Wholesale Inc., World Wholesale, Inc. and Light View LLC was also in attendance at the meet and confer and indicated that they would support whatever Breeze Smoke or Midwest decided regarding an ESI order.

***patent rules do not apply***.  Dkt. #59; Judge Durkin Standing Order on Patent Cases[2].  The local patent rules (and its corresponding model ESI protocol) are appropriate for cases with complicated utility patents that could result in potentially expensive and burdensome unnecessary discovery. *Colida v. Panasonic Corp*., 2010 U.S. Dist. LEXIS 98574, *4-5 (N.D. Ill. Sept. 20, 2010) (finding Local Patent Rules were inapplicable to design patent case).  This is not the case here.  This is a trade dress case with a design patent (not utility patent) component.  There is no need to overcomplicate discovery by importing unnecessary requirements designed for much more complex and technologically involved cases.

ESI, in the form of text messages, messaging apps, and email, is likely to be extremely important evidence in this case.  Much of the communication in the vape industry takes place informally by text or by messaging app.  As such, Breeze Smoke believes that Midwest—and the other co-counterclaim defendants—are likely to have relevant information in texts and messaging apps on their phones.  Because this is an infringement case, of particular importance are communications about customer confusion and intent to copy.  It is highly likely that these types of communications would exist in text or messaging app form.  Unfortunately, Midwest has refused to provide any of this discovery to Breeze Smoke and appears set on delaying collection and production of this critical information.

***First***, Midwest insists on radically limiting custodians.  It wants to limit collection of text messages and messaging apps to ***five*** custodians.  But Midwest has already conceded during the parties' meet and confer that it had possibly 10-20 relevant custodians of its own.  Each of these custodians could have texts or other messages showing confusion between the Breeze Pro and the

---

[2]  Judge Durkin's Standing Order regarding design patents is found here: https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=946.

infringing North products. This could include communications with business partners, employees, distributors, customers, retailers, wholesalers, and manufacturers. Further, in addition to those 10-20 custodians, Midwest (and co-counterclaim defendants) may have sales reps that talk to customers about the North and Breeze Smoke products. Breeze Smoke has already seen several communications about confusion. For example, Midwest's wholesalers misrepresented that the accused North products were from the same source as Breeze Pro, by falsely telling customers that they are the "new breeze." Dkt. #54-9. A customer messaged Breeze Smoke asking "we were informed that the new North Bar is made by you? Is this the new Breeze unit?" Dkt. #37-10. These are just some examples, more of which are documented in Breeze Smoke's preliminary injunction motion brief. Breeze Smoke is confident that there is far more confusion to be found in Midwest's and co-counterclaim defendants' texts and message communications. It would be improper to limit the custodian count to five at this juncture. Breeze Smoke must be able to ascertain the full scope of customer confusion and the lengths that Midwest and co-counterclaim defendants have gone to cause this confusion. *See Cary v. Northeast Illinois Regional Commuter Railroad Corp.*, Case No. 19-c-3014, 2021 WL 678872, at *1 (N.D. Ill. Feb. 22, 2021) (rejecting a proposal "to impose an arbitrary limit of five or seven custodians" where parties identified twenty-seven potential custodians).

Moreover, at this time with almost no discovery completed, Breeze Smoke does not know which custodians are the most relevant. Until discovery moves forward and Breeze Smoke obtains more information about the custodians involved in this case and their roles with respect to Midwest's vape product, there is no way to know which custodians should be subject to collection. In its edits to Breeze Smoke's proposed ESI order, Midwest teased the possibility of adding additional custodians, but only with Midwest agreement or Court approval. This provision is

inappropriate because it would have the unfortunate effect of further delaying discovery by creating another time-consuming meet and confer process (with no guarantee of agreement of additional custodians) and the requirement to seek relief from the Court just to get information from custodians Midwest has already conceded are relevant.

*Second*, Midwest insists on limiting ESI collection to only *five* search terms. This, again, is improper. It is impossible for Breeze Smoke to know, at this time, what terms will yield responsive results. Additionally, to the extent there are misspellings or communications in other languages such as Arabic, strict adherence to search terms would result in missed responsive and highly relevant communications. The parties should use their best and reasonable efforts to obtain the relevant communications in good faith. The parties should not hide behind search term limits to delay or restrict discovery. Producing parties should be open to proposals of specific search terms from requesting parties and should consider these in good faith. The parties should communicate which of those search terms will be used and meet and confer regarding the same, if necessary. However strict search term limits are not appropriate and should not replace a party's own duty to find relevant documents. *See Deal Genius, LLC v. O2Cool, LLC*, Case No. 21-c-2046, 2023 WL 4556759, at *5 (N.D. Ill. July 14, 2023) ("One of the most problematic limitations of search terms is that they tend to be under-inclusive").

*Conclusion*. Breeze Smoke's damages claim in this case likely runs well into the tens of millions of dollars. Though Breeze Smoke is sensitive to issues of burden and proportionality in discovery, given the shear amount at stake, limitations on basic discovery should not be imposed at this stage. Further Breeze Smoke reiterates that it was not the party that brought this lawsuit. Midwest sued Breeze Smoke and should have fully expected that it would have had to engage in substantial and meaningful discovery once it brought this action. Breeze Smoke looks forwarding

to discussing these items with the Court at the March 7, 2024 status hearing.  Breeze Smoke once again respectfully requests that the Court enter an ESI order of the form proposed and attached.

Dated: March 6, 2024.

Respectfully submitted,

/s/ *Mary A. Hyde*
Mary A. Hyde
Vikram A. Mathrani
William B. Berndt
Jenna E. Saunders
David J. Roulo
**HONIGMAN LLP**
155 N Upper Wacker Dr. Ste 3100
Chicago, IL 60606-1734
mhyde@honigman.com
vmathrani@honigman.com
wberndt@honigman.com
jsaunders@honigman.com
droulo@honigman.com

Jeffrey K. Lamb
**HONIGMAN LLP**
660 Woodward Avenue, Ste 2290
Detroit, MI 48226-3506
jlamb@honigman.com

*Counsel for Breeze Smoke LLC*

**CERTIFICATE OF SERVICE**

I certify that on March 6, 2024 a copy of the foregoing was electronically filed with the Clerk of Court using the ECF system which will send notification to all counsel of record.

_/s/ Mary A. Hyde_____

_One of the Attorneys for Breeze Smoke LLC_