# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Midwest Goods Inc.

          Plaintiff,

v.

          Case No.: 1:23−cv−05406
          Honorable Thomas M. Durkin

Breeze Smoke LLC

          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, March 7, 2024:

      MINUTE entry before the Honorable Beth W. Jantz: Motion hearing held on 3/7/24 with counsel for all parties appearing in person, and the Court thanks the parties for being so well prepared. The parties have already exchanged initial disclosures, as well as written discovery requests and some responses, but have not had the opportunity to fully confer on any purported deficiencies at this time. The Court has reviewed the rough transcript of the hearing before Judge Durkin from 12/7/23 and the Court's reading is that Judge Durkin did not address one way or another expedited discovery and/or a hearing in conjunction with the pending motion for a preliminary injunction. At this time, there is no hearing on the motion for preliminary injunction scheduled, nor has any party formally moved for Judge Durkin to set a hearing. Additionally, the parties agree that all of the categories of documents that Breeze Smoke seeks as expedited discovery are included in the parties' already−issued discovery requests, and the Court believes the parties can, and encourages the parties to, prioritize production of those materials in the normal course of discovery. This prioritization may also have the benefit of allowing the parties to analyze settlement potential sooner rather than later, leading to time and cost savings on both sides. As agreed on the record, sales records of the accused products, documents considered or relied on by Dr. Thomas J. Maronick in preparing his declaration, and documents considered or relied on by Mudassir Yasin in preparing his declaration will be produced by Midwest Goods by no later than 4/2/24, which constitutes three of the four categories of discovery Breeze Smoke seeks in its expedited discovery requests. On the sales documents, the parties assert that there may be a dispute regarding the necessity of Midwest Goods disclosing the identities of its customers, geographic regions, and other details, but the parties will attempt to resolve any such disputes through the meet and confer process. Regarding the remaining category of expedited discovery documents and communications between employees of Midwest and distributors, customers, retailers, wholesalers, and manufacturers regarding confusion and comparisons between the relevant products the parties plan to meet and confer on that issue as well to try and reach a mutually agreeable scope and proportionate burden of that discovery. Based on all of the foregoing, the Court does not believe expedited discovery is necessary at this time, given that the parties have already been expeditiously working on discovery, so Breeze Smoke's motion for expedited discovery [68] is DENIED without prejudice. Additionally, the Court DENIES Plaintiff's Motion for Entry of Proposed Order for Discovery of

Electronically Stored Information [78] without prejudice. As discussed in open court, it is not the Court's practice to regularly enter ESI protocols on the docket, but may consider doing so in certain situations or if the parties present an agreed protocol the entry of which they believe is helpful for moving the case forward. The parties are also ordered to meet and confer regarding the issues raised in Midwest's motion for an ESI protocol, and Breeze Smoke's response, to attempt to come to an agreement on those issues. As discussed during the hearing, the Court views any limits on custodians or search terms to be better set when tethered to particular discovery requests such that proportionality can be analyzed in that particular context. The parties are ordered to file an updated joint status report by 4/9/24 informing the Court on the progress of their meet and confer process on the aforementioned issues. The Court will set additional dates or deadlines following review of the joint status report. Given that this is only a month away and that the parties are moving along expeditiously with discovery, no motion to compel may be filed until the Court has reviewed and responded to this JSR. Mailed notice. (as, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.