# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MIDWEST GOODS INC, d/b/a MIDWEST DISTRIBUTION ILLINOIS, )

Plaintiff, )

v. )

BREEZE SMOKE LLC, )

Defendant. )

No. 23-cv-5406

Judge Thomas M. Durkin

Magistrate Judge Beth W. Jantz

---

BREEZE SMOKE LLC, )

Counter-claimant, )

v. )

MIDWEST GOODS INC., d/b/a MIDWEST DISTRIBUTION ILLINOIS, WISEMEN WHOLESALE, INC., SPEED WHOLESALE, INC., WORLD WHOLESALE, INC., LIGHT VIEW LLC, )

Counterclaim Defendants. )

## ORDER

An in-person status hearing was held on May 29, 2024 to discuss and resolve some of the discovery issues raised by the parties in their Joint Status Report filed on May 9, 2024 [Dkt. 96, hereinafter "JSR"]. Please see below for a full list of important dates and deadlines. Further dates will be set after receipt of the 7/10/24 filings as referenced, herein.

First, on the issue of discovery regarding SOUTH vaping products, [JSR at ¶¶ 4, 24], Breeze Smoke has now moved to amend its counterclaims to include SOUTH vaping products, [100]. If the motion to amend is granted, discovery related to SOUTH products would likely be relevant. However, if the motion is denied, the relevance of SOUTH products not mentioned in the currently operative complaint may be raised at a later date.

Second, regarding discovery from third-parties Capital Sales and KMT [JSR at ¶ 7], Breeze Smoke agreed on the record that it could accept service for those two entities. Midwest has

1

indicated that it may move to amend its complaint to include Capital Sales and KMT as parties, but agreed that any discovery must be completed at this point through Rule 45 subpoenas unless and until Capital Sales and KMT are added as parties.

Third, the parties have shared search terms and have resolved the issue regarding the Breeze Smoke document custodian highlighted by Midwest in the JSR. [*See* JSR at ¶¶ 7, 14.] Regarding Midwest's forthcoming production of ESI, the Court believes that any issues regarding sufficiency can be avoided by the parties working cooperatively through an iterative process on search terms and hits to ensure that the receiving party can adequately litigate their case and the producing party can comply fully with their discovery obligations. This can be best achieved through the meet and confer process to test search terms and hits and by the parties working together to achieve reasonably complete document production. While the Court understands that the producing party typically has superior knowledge of the location and nature of the documents in its possession, custody, and control, the requesting party should be allowed some window into this process to make sure that it receives documents and ESI to which it is entitled.

Fourth, Breeze Smoke has stood on its objection to supplementing the existing interrogatories to include information relating to trade dress, but has agreed to supplement the interrogatories on design patents by 6/24/24. [JSR at ¶ 7.] By its own admission, Midwest's interrogatories are drafted to relate to design patent issues, and not trade dress. Midwest has agreed to propound additional interrogatories that concern trade dress and will serve those interrogatories by 6/7/24. Breeze Smoke will have 30 days to respond, pursuant to Fed. R. Civ. P. 33.

Fifth, on the issue of Midwest's objection to not producing sales data, customer information, purchase orders, invoices, and related documents, the Court indicated its belief that some of these documents are likely relevant and need to be produced,[1] and its strong disinclination to phasing discovery in the way suggested by Midwest, [JSR at ¶¶ 20-21], particularly in light of the District Court's recent denial of Midwest's motion to dismiss, [99]. However, the Court is sensitive to Midwest's concerns that Breeze Smoke may use this information to subpoena Midwest's customers which could harm Midwest's business. The Court suggested that the parties consider a temporary limit or moratorium on the use of third-party subpoenas while they focus on a robust, thorough, and complete production of party discovery. Such a compromise would serve the dual purpose of assuaging Midwest's concerns about customer contact and Breeze Smoke's concerns regarding what it views as the slow pace of production by Midwest, while also preserving Breeze Smoke's right to seek third-party discovery at a later date in a way that is targeted and efficient for both the parties and the Court.

Sixth, the Court discussed the collection and production of ESI. Midwest has agreed to collect ESI from the custodians listed in Paragraph 13 of the JSR, [96], including imaging of their cell phones. Midwest has agreed to complete the imaging of the custodians' cell phones on or before 6/7/24. If Midwest or any custodian fails to do so, the Court will order that custodian to appear in the Dirksen Federal Courthouse on a date of the Court's choosing to have their cell

---

[1] The Court has not definitively ruled on this issue, and reserves final judgment until it is in front of the Court on a motion to compel, if necessary.

phones imaged for purposes of ESI production. Both Midwest and Breeze Smoke have agreed to complete all ESI that is not the subject of a pending motion by 7/29/24, and to make productions on a rolling basis rather than a "data dump" at the end of this 60-day period. Midwest has stated that it may move for a protective order on producing sales data, customer information, purchase orders, invoices, and related documents. Nonetheless, even if such a motion is pending before the Court, Midwest committed in open court that among what it will produce will be responsive (1) communications with customers that would be relevant to the issue of confusion, and (2) other discovery about development and designing of their trade dress. The Court expects that Midwest will follow through on that commitment and will produce all such relevant and responsive documents and ESI in its possession, custody, and control by 7/29/24.

The Court orders the parties to meet and confer on any outstanding issues discussed in the status hearing and above, by videoconference by 6/14/24. If the parties are unable to reach agreement on any of these issues, they may each file one *omnibus* discovery motion each, not to exceed 15 pages (before exhibits), by 7/10/24. Any currently pending issue not raised in the motions will be deemed waived.[2] Briefs in response (also not to exceed 15 pages) are due by 7/26/24. To the extent that the parties resolve any of the issues identified in this Order, they may file a joint status report stating which issues have been resolved by 7/10/24, which will not count against the page limits in any discovery motion filed by either party. This JSR must be truly joint – *i.e.*, any parts that include just the competing arguments or positions of the parties will be disregarded. In drafting discovery motions, the parties must follow Judge Jantz's Standing Order on Discovery Motions and Motions to Compel, which states "[a]ny motions to compel must identify and attach the specific discovery requests at issue, as well as the opposing party's response (*i.e.*, motions must not simply identify specific 'categories' of documents or discovery that the movant seeks)" and must also include arguments supporting the relevance and proportionality of each requested discovery item. The Court also directs the parties' attention to the portion of the standing order stating: "parties must not seek overbroad requests in the hope that the Court will tailor the resolution on its own; each discovery request will be adjudicated based on the totality of the request, so parties should appropriately narrow their requests ahead of time."

---

[2] This Order does not limit the parties' ability to file future motions to compel for discovery that has not yet been served or produced. It is only intended to prevent serial motions on discovery issues that could be presented by 7/10/24.

E N T E R:

Dated:  6/10/24

*[signature]*

BETH W. JANTZ
United States Magistrate Judge