**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIDWEST GOODS INC, d/b/a MIDWEST DISTRIBUTION ILLINOIS, | ) ) ) | |
| | ) | No. 23-cv-5406 |
| Plaintiff, | ) ) | |
| | ) | Judge Thomas M. Durkin |
| v. | ) ) | |
| | ) | Magistrate Judge Beth W. Jantz |
| BREEZE SMOKE LLC, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| BREEZE SMOKE LLC, | ) ) | |
| Counter-claimant, | ) ) | |
| v. | ) ) | |
| MIDWEST GOODS INC., d/b/a MIDWEST DISTRIBUTION ILLINOIS, WISEMEN WHOLESALE, INC., SPEED WHOLESALE, INC., WORLD WHOLESALE, INC., LIGHT VIEW LLC, | ) ) ) ) ) ) | |
| Counterclaim Defendants. | ) ) | |

## ORDER

The Motion to Quash and for Protective Order Limiting Discovery [90] filed by non-party Parkhill Properties, LLC d/b/a Vape District ("Vape District") is granted in part and denied in part. The motion is granted to the extent it seeks to quash the subpoena. The motion is denied without prejudice as moot to the extent it seeks a protective order.

Defendant Breeze Smoke LLC ("Breeze Smoke") has served a subpoena to produce documents on Vape District, pursuant to Federal Rule of Civil Procedure 45. (Dkt. 90 at 4.) The subpoena listed the place of compliance as Breeze Smoke's counsel's office in Chicago. (Dkt. 90

1

at 5.)  Vape District is located in Strongsville, Ohio, which is about 340 miles from the place where compliance with the subpoena is required. (*Id*.)

Federal Rule of Civil Procedure 45(c)(2) allows a subpoena to command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Additionally, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)."  Fed. R. Civ. P. 45(d)(3)(A)(ii).  Here, the subpoena calls for compliance in a location outside of the 100-mile limit prescribed by Rule 45(c).  The subpoena seeks compliance in Chicago, making the Northern District of Illinois the "district where compliance is required," and the Court "must" quash the subpoena because it requires Vape District to comply beyond the 100-mile limit specific in Rule 45(c).

Breeze Smoke does not claim that the subpoena requires compliance within 100 miles of Vape District.  Instead, Breeze Smoke argues that the subpoena can be complied with electronically, thus rendering the 100-mile limit in Rule 45(c) moot.  (Dkt. 93 at 6.)  Although Breeze Smoke cites to cases from the Southern District of California and the District of Oregon to support its point, (Dkt. 93 at 6 n.1), at least one other court in this District has rejected a similar argument.  In *Dou v. Carrillon Tower/ Chicago LP,* No. 18 CV 7865, 2020 WL 5502345, at *1 (N.D. Ill. Sept. 11, 2020), the plaintiffs served a subpoena on a third party that was based in New York, seeking compliance there.  After the third party failed to respond to the subpoena, the plaintiffs filed a motion to hold the third party in contempt, but that motion was denied because such motions must be made in the District where compliance is required – *i.e.*, New York.  *Id.* Plaintiffs then moved to modify the subpoena to allow them to retrieve the documents in New

York. *Id.* For reasons that are not entirely clear, plaintiffs in *Dou* dedicated "the bulk of their motion" to arguing "that because the subpoena seeks only emailed documents or a sworn statement describing [the third party's] involvement with the loan, the geographic restrictions set out in Rule 45 should not pose a bar to [the third party's] compliance."[1] *Id.* The court in *Dou* eloquently and thoroughly explained why that reasoning was incorrect:

> In 2013 Rule 45 was amended, in part to protect subpoena recipients. The amendment assured "local resolution of disputes about subpoenas" by way of "the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that the motions be made in the court in which compliance is required." To require compliance in excess of the "100-mile rule" or, alternatively, to require non-parties to litigate disputes in a distant forum, would defeat the amended rule's protective purpose. While subpoena-related disputes must initiate in the court where compliance is required, explicit authority was created in the new Rule 45(f) for that court to transfer pertinent motions to the court where the action is pending where warranted. Fed. R. Civ. P. 45(f), Advisory Committee Notes, 2013 Amendment.
>
> **********************************************
>
> Rule 45 contemplates the voluntary production of documents via email outside of the "100-mile rule" where the parties agree to such a compromise. *See* Fed. R. Civ. P. 45(c)(2), Advisory Committee Notes, 2013 Amendment. "Under the current rule, parties often agree that production, particularly of electronically stored information, be transmitted by electronic means ... and nothing in these amendments limits the ability of parties to make such arrangements." *Id.* But while Rule 45 leaves room for voluntary compromise around the 100-mile rule, it lacks any explicit exception to the rule with respect to email. Given the ubiquity of email in modern communication, to create an exception under which documents that can be produced via email are not subject to the rule's geographical limitations would entirely swallow the "100-mile rule" set forth within Rule 45.

---

[1] The Court is uncertain why plaintiffs focused on this argument if they were seeking to modify the subpoena.

*Id.* at \*2 (internal case citations omitted).[2]  Other district courts have made similar rulings.  *See, e.g., RSUI Indemnity Co. v. Nat'l Rifle Assoc. of Am.*, Case No. MC-20-6-D, 2020 WL 4194526, at \*2 (W.D. Okla. July 21, 2020) (rejecting argument that third party "can produce the documents electronically or by mail without traveling, and that this fact circumvents the requirement of Rule 45(c)(2)(A)"); *Uniloc USA, Inc. v. Apple Inc.*, No. 19-cv-01692-EJD (VKD), 2020 WL 6262349, at \*2 (N.D. Cal. Oct. 23, 2020) ("While nothing in Rule 45(c) prevents parties from arranging to produce documents by electronic means rather than at a physical location, a subpoena that purports to compel production beyond the geographical limits specified in Rule 45(c) does not comply with the requirements of the Rule"); *In re Highground Holdings, LLC*, MISC. ACTION NO. 22-148-BAJ-RLB, 2022 WL 4593088, at \*3 (M.D. La. Sept. 29, 2022) ("And even if the subpoena did indicate that compliance by email was sufficient, the actual 'place' of compliance violates the 100-mile rule, subjecting the subpoena to being quashed or modified.")

The Court adopts the reasoning articulated in *Dou*, and holds that the subpoena served on Vape District violated the 100-mile limit of Rule 45(c) and must be quashed.  Although the committee notes to Rule 45 allow for subpoena recipients to agree to waive the 100-mile limit to produce electronic documents, nothing in the plain language of Rule 45 requires such an agreement.  Moreover, the 100-mile limit was written to include "electronically stored information," Fed. R. Civ. P. 45(c)(2)(A), which leads the Court to conclude that the drafters understood that it would apply even where compliance could be achieved electronically.

---

[2] Ultimately, the court in *Dou* granted the motion to modify because Plaintiffs agreed to retrieve the documents from the third party's New York office, which meant it was not required comply with the subpoena beyond the 100-mile limit in Rule 45(c).  No such agreement is before the Court on the instant motion.

Additionally, the ease of production is not the only reason that the 100-mile rule exists. It also exists to protect third party subpoena recipients from having to litigate motions to quash or modify in far-flung Districts. Because the District in which compliance is sought has jurisdiction over a motion to quash or modify, the 100-mile limit ensures that third parties will be able litigate their disputes closer to home. Courts have recognized that this is another virtue of the 100-mile rule that cannot be remedied by allowing electronic compliance. *See* Fed. R. Civ. P. 45(f), Advisory Committee Notes, 2013 Amendment ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)"); *see also In re Highground Holdings,* 2022 WL 4593088, at *3-4 (the 100-mile rule "also controls the location where a motion to quash is to be filed and resolved, namely 'the court for the district where compliance is required,' unless the motion is transferred to the issuing court"). Because the subpoena violates Rule 45(c)(2)(A), the Court must quash the subpoena. Vape District's Motion to Quash [90] is granted and the subpoena is hereby quashed.

The motion is denied without prejudice as moot to the extent it seeks a protective order. Defendant Breeze Smoke LLC has to the Court's knowledge ceased issuing third party subpoenas pending further discovery production from Plaintiff Midwest Goods Inc. "in light of the Court's direction at the May 29, 2024 hearing." (Dkt. 144-1 at 4.) Because the subpoena is quashed and there are no imminent discovery obligations for Vape District, the motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c) is moot. Vape District may re-file a motion for a protective order later, if necessary. However, the Court notes that issues of "undue burden" might include arguments that the information Breeze Smoke seeks "is in the possession of Breeze [Smoke]," "is available from Midwest," is "publicly available, or "has no real value to the

underlying issues in this case." *See Uppal v. Rosalind Franklin University of Medicine and Science*, 124 F.Supp.3d 811, 813 (N.D. Ill. 2015) ("When making the determination of whether a person will be subjected to undue burden, courts consider a number of factors, including the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the discovery, and the breadth of the request"); (*See* Dkt. 90 at 9.) Such motions must be brought in "the court for the district where compliance is required," pursuant to Federal Rule of Civil Procedure 45(d)(3)(iv).

For the reasons discussed above, the Motion to Quash and for Protective Order Limiting Discovery [90] filed by non-party Parkhill Properties, LLC d/b/a Vape District ("Vape District") is granted in part and denied in part.

E N T E R:

Dated: October 23, 2024

_____
BETH W. JANTZ
United States Magistrate Judge