**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Midwest Goods Inc., dba Midwest Distribution Illinois,<br><br>       Plaintiff,<br><br> v.<br><br>Breeze Smoke LLC,<br><br>       Defendant. | Case No. 1:23-cv-05406<br><br>Honorable Thomas M. Durkin<br><br>Honorable Beth W. Jantz<br><br>**Jury Trial Demanded** |
| Breeze Smoke LLC,<br><br>       Counter-Claimant,<br><br> v.<br><br>Midwest Goods Inc., dba Midwest Distribution Illinois, Wisemen Wholesale, Inc., Speed Wholesale, Inc., World Wholesale, Inc., Light View LLC,<br><br>       Counterclaim Defendants. | |

## JOINT STATUS REPORT OF THE PARTIES

Plaintiff/Counterclaim Defendant Midwest Goods Inc. ("Midwest"), Defendant/Counterclaim Plaintiff Breeze Smoke LLC ("Breeze Smoke"), and Counterclaim Defendants Wisemen Wholesale, Inc. ("Wisemen"), World Wholesale, Inc. ("World"), and Light View LLC ("Light View"), submit this status report to the Court in response to Magistrate Judge Jantz's October 14, 2025 Order (Dkt. 205).

## I. STATUS OF DISCOVERY

1. In the May 20, 2025 status report, the Parties identified disputes regarding, *inter alia*, a date for close of fact discovery, Midwest's compliance or noncompliance with Judge Jantz's March 18, 2025 Order, the quantity of depositions, and the scope of third-party discovery. (*See* Dkt. 191.) These disputes remain outstanding.

2. On June 13, 2025, Breeze Smoke filed a motion seeking leave to serve subpoenas on twenty-four Midwest distributors/customers, which remains pending. (*See* Dkt. 195.)

3. The Parties agreed to substantially complete Undisputed Document Production on June 23, 2025. (*See* Dkt. 191, at 3.)  Both parties produced documents on this deadline, but there remain numerous discovery disputes surrounding document production, as detailed below.

4. Breeze Smoke and Midwest agreed to produce privilege logs on July 23, 2025. (*Id.*) Breeze Smoke met this deadline. Midwest produced its privilege log the next day, July 24, 2025.

5. Breeze Smoke has conducted three depositions of Midwest fact witnesses, but no other depositions have been noticed. Breeze Smoke does not expect to be able to notice further depositions until the discovery disputes outlined herein are resolved.

6. Breeze Smoke believes that regular telephone hearings with the Court may enable more efficient progress of discovery. Midwest does not believe regular telephonic hearings are necessary but are amenable when a discovery issue(s) has become concrete, and without waiving a right to request briefing for complex issues.

## II. MIDWEST'S DEADLINE FOR PRODUCING MS. ZELEWSKY'S DOCUMENTS

1. On November 4, 2025, Midwest produced 1,168 documents comprising nearly 36,000 pages listing Ms. Zelewsky as the custodian. Breeze Smoke has not seen certain documents that it expected. Breeze Smoke will confer with Midwest to attempt to resolve any issues.

## III. IDENTIFICATION OF CURRENTLY OUTSTANDING DISCOVERY DISPUTES

### A. Breeze Smoke's Currently Outstanding Discovery Disputes With Midwest

Breeze Smoke identifies the following currently outstanding discovery disputes. All disputes concerning Midwest were identified by letter to Midwest by at least October 31, 2025:

1. Breeze Smoke seeks to add Kamran Yasin and Sohaib Sakaria as custodians. Midwest opposes adding Mr. Yasin. Midwest represents that Mr. Sakaria is a non-employee, it is evaluating the burden of imaging his email and stated that Breeze Smoke could subpoena him.

2. In July 2025, Midwest disclosed that it had imaged two additional custodial phones (and begun production therefrom). Midwest has identified one of the phone's custodians but refuses to identify the other. Midwest has also not given a date certain by which it will complete production from those phones.

3. In July 2025, Breeze Smoke requested that Midwest amend its search terms. Midwest applied the new search terms in its review and production of documents with Ms. Zelewsky as the custodian, per Section II, *supra*, and has lodged inquiries to its ESI vendor which is evaluating burden in applying Breeze Smoke's new search terms to prior ESI data.

4. Midwest refused to respond to Breeze Smoke's Fourth Set of Requests for Production, contending they are directed to products not in this suit, thus there is a dispute. Midwest refused to respond to RFP Numbers 138–141, 146–156, 158–159, 161–163, 168, 170, and 174–178 from Breeze Smoke's Fifth Set of Requests as propounded, and thus there is a dispute.

5. Midwest refused to respond to Breeze Smoke's Third Set of Interrogatories (Nos. 27–29) contending, *inter alia*, they exceed the amount of permitted interrogatories under Rule 33. Breeze Smoke disagrees that these Interrogatories exceed the limit because Breeze Smoke understood that the parties previously agreed in writing to expand the limit to 40 Interrogatories

per side. Specifically, in December 2023 the parties agreed to an "additional five patent-specific interrogatories," Dkt. No. 50, PageID.1930-31, and in an October 31, 2024 letter Midwest stated that it "does not object to Breeze using up to an additional 10 interrogatories beyond the limits." Midwest has a different understanding and, thus, there is a dispute.

6. After several letters and meet and confers, Breeze Smoke believes that Midwest's production is still missing internal communications and communications with its manufacturer that are responsive to its requests. (*See, e.g.*, Dkt. 208, Ex. F (RFP Nos. 4, 5, 13).)

7. Midwest has not produced its PMTA applications for the Accused Products, or any communications with the FDA. (RFP Nos. 34, 35, 103, 104, and Interrogatory 7).

8. Midwest has produced no communications regarding the Accused Products with key customers, which are responsive to RFP No. 16, subject to Judge Jantz's Order. (Dkt. 181.)

9. Breeze Smoke requests that Midwest provide updates to its sales summaries produced at MIDWEST003619 and MIDWEST396721. These are responsive to RFP No. 28, which is subject to Judge Jantz's Order on Breeze Smoke's Motion to Compel. (Dkt. 181.)

10. Midwest agreed to produce representative samples of products in response to RFP Nos. 142–145 and to produce representative samples or a stipulation that it sold the products identified in RFP Nos. 114–120. Midwest has not fulfilled these agreements yet.

11. Midwest has not produced summary sales data for the Breeze Pro (RFP No. 29).

**B.      Breeze Smoke's Currently Outstanding Discovery Disputes With Wisemen**

12. On September 15, 2025, Breeze Smoke notified Wisemen that its production included zero communications from its owner and CEO or from two key sales representatives. Wisemen agreed to collect and produce ESI from these custodians by November 26, 2025.

**C.      Midwest's Currently Outstanding Discovery Disputes with Defendants**

Midwest identifies the following currently outstanding discovery disputes.

1. Midwest maintains its position that is has fully complied with Judge Jantz's Order on Breeze Smoke's Motion to Compel. (Dkt. 181.)

2. Midwest opposes adding Mr. Yasin per Section III.A.1, *supra*, as it has conducted a good faith and diligent investigation and contends that Mr. Yasin is not relevant to this lawsuit as it further elaborated upon in Dkts. 214-215.

3. Midwest disagrees with Breeze Smoke's III.A.4 contention that it "refuses" to respond to various RFPs set forth by Breeze Smoke, as Midwest has responded otherwise.

4. Midwest does not agree with Breeze Smoke's assertion that the parties have agreed to raise the interrogatory limit irrespective of context, and indeed Breeze Smoke's citations show Midwest making offers, with Breeze Smoke taking no position. Breeze Smoke asserts a design patent claim, and the Court early on indicated it "appreciate[d] the fact that Midwest had pointed out to" it the unclear positioning of whether the Court's Local Patent Rules would apply to a design patent case, which the Court concluded it would not. (Dkt. 88 at 8). This left patent-unique discovery issues to the parties, and Midwest subsequently made three separate *patent contention* interrogatory proposals because Breeze Smoke's use of "Accused Products" initially included the North Vape, but later expanded to include the South Vape. Breeze Smoke cites Midwest's first two proposals, to which Breeze Smoke never responded. Breeze Smoke accepted Midwest's third proposal in a meet and confer, which Midwest has since completed by supplementing its prior discovery responses. Accordingly, Midwest contends Fed. R. Civ. P. 33 stands as governing. Per III.C.5(vii), *infra*, Breeze Smoke's unwillingness to agree to a discovery alteration on contention interrogatories is also implicated in the ongoing incompleteness of its responses to same.

5. Midwest addressed the above and other Breeze Smoke discovery deficiencies via a nine-page November 7, 2025 letter to Breeze Smoke, which Breeze Smoke acknowledged as

received in a near 90 minute meet and confer on November 10, 2025 and in which it indicated its positions would be forthcoming. Such deficiencies include but are not limited to:

i.	Breeze Smoke improperly narrowing request responses, refusing to produce responsive documents, or producing quantities seemingly disproportionate to an entity asserting broad rights and with public or produced materials indicating it has a connection if not ownership/control position with a substantial China vape supplier/factory.

ii.	Breeze Smoke does not appear to have made a complete production as to numerous RFPs (5-13, 17-19, 28-31, 35-36, 45-47, 89, 119-120) which would prove (or disprove) an association of either of its alleged trade dresses to necessary trade dress elements of functionality, distinctiveness, and likely consumer confusion.

iii.	Breeze Smoke does not appear to have completed its production (or is withholding documents) as to RFP Nos. 24, 43-44, 80-84, and 92-94, which include documents from prior cases and third-party productions relating to trademark and trade dress enforcement, which are probative of trade dress scope, asserted rights, marketplace perception, alleged confusion, damages, and Midwest's equitable defenses.

iv.	Midwest is awaiting confirmation that Breeze Smoke has made a complete production (or has no responsive documents) in response to RFP Nos. 107-110, which include any marketplace evidence showing side-by-side presentations with the NORTH product.

v.	Breeze Smoke has refused to produce documents showing personnel organization and roles (RFP Nos. 121, 144; 111-115), or contributors and change logs to breezesmoke.com (RFP Nos. 7 and 136), which undermines custodian identification, targeted ESI discovery, and deposition preparation.

vi. Breeze Smoke has produced few customer communications or communications relating to assertion of IP rights (e.g., RFP Nos. 3-4), and its position that "no non-privileged documents exist" as to RFP Nos. 23, 42-44, 84, 91, 95, 121 and 144 are facially implausible, given Breeze's allegations, marketing claims, known communications/threats to retailers, and enforcement posture.

vii. Breeze Smoke's responses to Midwest's contention interrogatories regarding differences between the D'573 Patent's design and the prior art, or the alleged trade dress and the prior art (Interrogatories Nos. 2, 13), on a feature-by-feature basis, are deficient to the point of being non-responsive, and Breeze Smoke's refusal to answer contention Interrogatory No. 14 regarding which features of its alleged trade dress are missing from specified third-party products and packaging is improper.

6. On November 5, 2025, Midwest filed its First Amended Complaint, adding Defendant KMT Services LLC, dba KMT Distribution ("KMT"). As of a November 10, 2025 meet and confer, KMT had not provided its position on receiving service or whether it would update its responses to Midwest's subpoena to it of June 14, 2024, portions to which KMT objected by asserting it was not a party. After several letters, Midwest believes that KMT's production to date is insufficient, thus there is a dispute.

## IV. Positions on Settlement Discussions or Resolution

1. Counsel for Breeze Smoke and Midwest met and conferred on November 10, 2025 on their respective settlement interest. Midwest offered a proposal and Breeze Smoke referred to prior discussions. There is no agreement, but the parties are open to further discussions. World, Wisemen, and Speed have not indicated their settlement interest.

Dated: November 13, 2025

<u>/s/ *Stephen L. Levine*</u>
Drew G.A. Peel
**RACHLIS DUFF & PEEL, LLC**
542 South Dearborn Street, Suite 900
Chicago, IL 60605
(312) 275-0337 (direct)
dpeel@rdaplaw.net

Stephen L. Levine (admitted *pro hac vice*)
Kelli M. Hinson (admitted *pro hac vice*)
Mark C. Howland (*pro hac vice* application
forthcoming)
**CARRINGTON, COLEMAN, SLOMAN &
BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX 75202
(214) 855-3000 (gen.)
slevine@ccsb.com
khinson@ccsb.com
mhowland@ccsb.com

*Counsel for Midwest Goods Inc., dba
Midwest Distribution Illinois*

<u>/s/ *Jenna E. Saunders*</u>
Vikram A. Mathrani
William B. Berndt
Jenna E. Saunders
David J. Roulo
Alexandra Angyalosy
**HONIGMAN LLP**
321 N. Clark Street
Suite 500
vmathrani@honigman.com
wberndt@honigman.com
jsaunders@honigman.com
droulo@honigman.com
angyalosy@honigman.com

Jeffrey K. Lamb
**HONIGMAN LLP**
660 Woodward Avenue, Ste 2290
Detroit, MI 48226-3506
jlamb@honigman.com

Sarah E. Waidelich
**HONIGMAN LLP**
101 N Main St, Suite 850
Ann Arbor, MI 48104
Telephone: (734) 418-4200
swaidelich@honigman.com

*Counsel for Breeze Smoke LLC*

<u>/s/ *Mason S. Cole*</u>
Mason S. Cole
Anthony Scarpiniti
**COLE SADKIN, LLC**
1652 W Belmont Ave, Ste 1
Chicago, IL 60657
mcole@colesadkin.com
ascarpiniti@colesadkin.com

*Counsel for Wisemen Wholesale, Inc., World
Wholesale, Inc., and Light View LLC*