**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MIDWEST GOODS INC., DBA MIDWEST
DISTRIBUTION ILLINOIS,

      Plaintiff,

      v.

BREEZE SMOKE, LLC and KMT Services LLC,
d/b/a KMT Distribution,

      Defendants.

---

BREEZE SMOKE LLC,

      Counter-Claimant,

      v.

MIDWEST GOODS INC., DBA MIDWEST
DISTRIBUTION ILLINOIS, WISEMEN
WHOLESALE, INC., SPEED WHOLESALE,
INC., WORLD WHOLESALE, INC., LIGHT
VIEW LLC, UMAIR YASIN, MUDASSIR
YASIN, KAMRAN YASIN, IMRAN SADIQ,
AND SOHAIB SAKARIA,

      Counterclaim Defendants.

**CASE NO. 1:23-CV-05406**

HONORABLE THOMAS M. DURKIN

HONORABLE BETH W. JANTZ

**JURY TRIAL DEMANDED**

## ORDER APPOINTING SPECIAL MASTER

I HEREBY APPOINT, pursuant to Federal Rules of Civil Procedure 53(a)(1)(A) and

(a)(1)(C), Hon. Mildred E. Methvin (Ret.) to serve as Special Master in this case, until further

order of the Court.

The Court has received and filed an affidavit from Hon. Mildred E. Methvin (Ret.), under

Federal Rule of Civil Procedure 53(b)(3)(A), disclosing whether there are any grounds for

disqualification under 28 U.S.C. §455. Dkt. No. 296.  The affidavit does not reveal any grounds

for disqualification, and no party has raised any independent ground for disqualification. Accordingly, the Court has determined no ground for disqualification exists under Federal Rule of Civil Procedure 53(a)(2). Consistent with Federal Rule of Civil Procedure 53(b)(1), the Court has given the parties notice of and an opportunity to be heard on the appointment of Hon. Mildred E. Methvin (Ret.). As required by Federal Rule of Civil Procedure 53(a)(3), the Court has considered the fairness of imposing the likely expenses on the parties and protected against unreasonable expense or delay.

**IT IS FURTHER ORDERED THAT:**

1.      The Special Master will resolve all discovery disputes (except any disputes exempted from this Order by the Court), including but not limited to those disputes already raised in filings with the Court. *See* Dkt. No. 195. The parties shall submit all future discovery disputes to the Special Master in the first instance. After submitting a discovery dispute to the Special Master, the Court retains discretion to resolve any dispute in the first instance should it choose to do so.

2.      The Special Master is granted the full rights, powers, and duties afforded by Federal Rule of Civil Procedure 53(c) and may adopt such procedures as are not inconsistent with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Illinois, or other Orders of the Court. The Special Master shall have the authority to take appropriate measures to perform her duties fairly and efficiently and to regulate all proceedings before her. The Special Master may hold conferences and hearings, including hearing arguments and reviewing materials *in camera*, and is encouraged to employ informal and expense-reducing procedures (including but

not limited to telephonic or video conferences, email communication, or short letter submissions) to resolve disputes without formal briefing or a hearing where appropriate.

3.      The Special Master may communicate *ex parte* with the Court without the consent of the parties. The Special Master may not communicate *ex parte* with the parties (with the exception of communicating on scheduling matters) without their consent. The restriction on *ex parte* communications does not prohibit the submission of documents to the Special Master *in camera* for resolution of privilege disputes.

4.      The Special Master shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

5.      To streamline discovery and reduce burden, the Special Master will determine, on an issue-by-issue basis, whether a telephonic or video hearing is necessary. The parties shall meet and confer in good faith before raising any dispute to the Special Master. Unless the Special Master orders otherwise, discovery disputes shall be presented by a letter from the requesting party not to exceed five (5) double-spaced pages, followed by a letter response from the opposing party not to exceed five (5) double-spaced pages, submitted on a schedule set by the Special Master. No replies are permitted unless the Special Master requests a reply or grants leave for a party to file a reply. The Special Master may decide any dispute without formal briefing or a hearing, or may, in the Special Master's discretion, request letter briefing and schedule a hearing as to any dispute.

The exception to this page limit is Breeze Smoke's Motion for Leave to Serve Twenty-Four Third Party Subpoenas, Dkt. No. 195, which was filed by Breeze Smoke on June 13, 2025, and was fifteen pages, but was referred to the Special Master by Judge Jantz on March 10, 2026. *See* Dkt. No. 293. Breeze Smoke intends to renew its request to serve third-party subpoenas, but

3

may need to amend its brief based on documents produced since it filed Dkt. No. 195. Breeze Smoke will submit to the Special Master an amended fifteen-page brief within fourteen (14) days of entry of this Order. Midwest is allowed a fifteen (15) page response to be filed no later than fourteen (14) days after Breeze Smoke submits its amended brief.

The Special Master's resolution of a discovery dispute shall be issued by her via a written order, which shall include at least a grant or denial in full or in part, what a party must do to comply with an order, when such compliance is required by, and any rationale for the decision. Such decision may initially be summary in nature; however, any party who wishes to file an objection to the Court must request a full opinion from the Special Master.

6.      The Special Master will preserve, as a record of her activities, all written submissions received from the parties, all written submissions sent to the parties, and any transcripts of hearings before the Special Master. The Special Master will file with the Clerk of the Court such records upon the request of any party or the Court. The Special Master must make and file a record of the evidence considered in making or recommending findings of fact on the basis of evidence. The Special Master also will file any order, report, or recommendation to the Court and promptly serve a copy on each party. Fed. R. Civ. P. 53(d), (e). To the extent any such order, report, or recommendation contains confidential information (i.e., information designated by any party as Confidential or Highly Confidential under the Agreed Confidentiality Order), such order, report, or recommendation shall be filed under seal and electronically sent to counsel of record by email. Within ten (10) days thereafter, the parties shall submit to the Special Master a proposed public version of such a filing containing appropriate redactions of confidential information. If the parties are unable to agree on the appropriate redactions, the Special Master shall issue a written order regarding the scope of redactions consistent with the Agreed

4

Confidentiality Order and as provided in Paragraph 5 above. *See* Dkt. No. 71. For all publicly filed materials, docketing any order, report, or recommendation via the CM/ECF system constitutes proper service upon all parties.

7.      A party may file objections to the Special Master's full opinion, report, or recommendation no later than fourteen (14) days from the later of the date that (1) the full opinion, report, or recommendation is filed on CM/ECF, or (2) the full opinion, report, or recommendation is served on the parties by email as provided in Paragraph 6 above. Fed. R. Civ. P. 53(f)(2). The party filing an objection must also file the relevant record if not filed by the Special Master with her order, report, or recommendation. Unless a different schedule is set by the Court, a party may file a response within seven (7) days after the objection is filed. All objections and responses are limited to five (5) double-spaced pages. No replies may be filed unless requested by the Court. All objections shall be made to the Court.

8.      The Court will decide *de novo* all objections to findings of fact made or recommended by the Special Master. Fed. R. Civ. P. 53(f)(3).

9.      The Court will decide *de novo* all objections to conclusions of law made or recommended by the Special Master. Fed. R. Civ. P. 53(f)(4).

10.      The Court will set aside the Special Master's rulings on procedural matters only for abuse of discretion. Fed. R. Civ. P. 53(f)(5).

11.      The Special Master may by order impose on a party any expense or non-contempt sanction provided by Federal Rules of Civil Procedure 26, 37, or 45, and she may recommend to the Court a contempt sanction against a party and sanctions against a non-party. Fed. R. Civ. P. 53(c)(2). The parties may object to any order or report as provided in Paragraph 7 above.

12.      The Special Master's compensation, as well as any reasonable costs and expenses

5

incurred in connection with the Special Master's services, shall be borne equally by Plaintiff Midwest Goods Inc. and Defendant Breeze Smoke, LLC, subject to reallocation by the Court upon recommendation of the Special Master. The Special Master may recommend to the Court cost-shifting and/or payment of expenses consistent with the requirements and considerations provided by Federal Rules of Civil Procedure 26 and 37.

The Special Master's services shall be billed through JAMS at the applicable hourly rate of $500 per hour, and JAMS shall issue periodic invoices to counsel. The parties shall pay such invoices in accordance with JAMS's standard billing procedures.

If the Special Master determines that she requires the assistance of a law clerk, paralegal, secretary, or similar adjunct, the cost of such assistance shall be billed through JAMS or otherwise allocated as directed by the Court, subject to the Special Master's recommendation in the first instance.

Any objection to a Special Master's invoice must be raised with the Special Master within ten (10) days of receipt. Objections that are not resolved by the Special Master and the parties shall be resolved by the Court.

For cause or when fairness dictates, the Special Master may recommend that the Court shift or reallocate between the parties the costs and expenses related to the Special Master's services. *See* Fed. R. Civ. P. 53(g)(3). Any such request must be raised with the Special Master in the first instance.

13. In making this appointment, the Court has determined that the matters within the purview of the Special Master relate to ongoing discovery disputes and all future discovery

disputes, which cannot be effectively and timely addressed by an available district judge or magistrate judge of the District. Fed. R. Civ. P. 53(a)(1)(C).

14. The Special Master will be bound by the terms of the Agreed Confidentiality Order entered in this case. *See* Dkt. No. 71.

15. This Order may be amended at any time after notice to the parties and an opportunity to be heard. Fed. R. Civ. P. 53(b)(4).

Date: 5/20/2026

BETH W. JANTZ
United States Magistrate Judge

7