**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MIDWEST GOODS INC. d/b/a MIDWEST DISTRIBUTION ILLINOIS,

Plaintiff,

v.

BREEZE SMOKE LLC,

Defendant.

No. 23 C 5406

Judge Thomas M. Durkin

BREEZE SMOKE LLC,

Counter Plaintiff,

v.

MIDWEST GOODS INC. d/b/a MIDWEST DISTRIBUTION ILLINOIS; WISEMAN WHOLESALE, INC.; SPEED WHOLESALE, INC.; WORLD WHOLESALE, INC.; LIGHT VIEW LLC; UMAIR YASIN; MUDASSIR YASIN; KAMRAN YASIN; IMRAN SADIQ; and SOHAIB SAKARIA,

Counter Defendants.

## MEMORANDUM OPINION AND ORDER

Midwest Goods Inc. filed this lawsuit seeking a declaratory judgment that Breeze Smoke LLC does not own a protectable trade dress interest in its vape pen product the "Breeze Pro." In response, Breeze Smoke filed counterclaims that Midwest's vape pen product (which is trademarked "North") infringes Breeze Smoke's design patent and trade dress rights. The Court previously denied a motion filed by

Midwest to dismiss Breeze Smoke's counterclaims. *See* R. 99 (*Midwest Goods Inc. v. Breeze Smoke LLC*, 2024 WL 2785066, at *5 (N.D. Ill. May 30, 2024)) (the "2024 Opinion"). Breeze Smoke has since amended its complaint to add five of Midwest's officers and employees as defendants (Imran Sadiq, Sohaib Sakaria, Umair Yasin, Mudassir Yasin, and Kamran Yasin, together the "Individual Defendants"). *See* R. 230; R. 231. The Individual Defendants have moved to dismiss Breeze Smoke's counterclaims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). That motion is granted as to Sadiq and Sakaria, and denied as to Umair, Mudassir, and Kamran.[1]

**Analysis**

**I. Infringement**

The Individual Defendants make a number of arguments that Breeze Smoke has failed to make plausible allegations sufficient to state claims for trade dress and design patent infringement. The Individual Defendants' arguments are not materially different from those arguments previously raised by Midwest and rejected by the Court in the 2024 Opinion. Nevertheless, the Individual Defendants contend that they have, in fact, "raised different arguments, including: (1) that [Breeze Smoke's] product packaging and product design are nothing more than a combination of unprotectable and undeniably functional elements that cannot plausibly give rise to a claim for trade dress, and (2) even if they could, Breeze has not identified its trade dress in sufficient detail to put the [Individual Defendants] on notice of its trade

[1] For clarity, the Court refers to the Yasins by their first names.

dress claims." *See* R. 321 at 12. This characterization of the Court's 2024 Opinion is simply too narrow. The Court addressed functionality with respect to Breeze Smoke's trade dress claims. *See* R. 99 at 9-11. And the 2024 Opinion, as a whole, explains why Breeze Smoke's trade dress allegations are sufficiently detailed. For the reasons stated in the 2024 Opinion, the Court rejects the Individual Defendants' invitation to reconsider the plausibility of Breeze Smoke's allegations of infringement. The real issue on this motion is whether Breeze Smoke has sufficiently alleged liability of the Individual Defendants for that alleged infringement.

## II. Individual Liability

"A corporate officer is individually liable [for his corporation's infringement of intellectual property] if he personally participates in the manufacture or sale of the infringing article . . . uses the corporation as an instrument to carry out his own willful and deliberate infringements, or . . . knowingly uses an irresponsible corporation with the purpose of avoiding personal liability." *4SEMO.com Inc. v. S. Illinois Storm Shelters, Inc.*, 939 F.3d 905, 912-13 (7th Cir. 2019) (citing *Dangler v. Imperial Mach. Co.*, 11 F.2d 945, 947 (7th Cir. 1926)). District courts have applied this standard to find plausible liability for a corporate officer who "was the founder, president, and majority shareholder of the defendant corporation and the moving force behind the defendant corporation's alleged infringing activities and willfully and deliberately induced, aided, and abetted the past and continuing infringement." *Tireboots By Universal Canvas, Inc. v. Tiresocks, Inc.*, 2023 WL 8236895, at *2 (N.D. Ill. Nov. 28, 2023). Liability may be shown "if the corporate officer acted within the

scope of his job description as long as he had he had administrative and managerial control of the defendant corporation and acted willfully and deliberately." *Id.* "Managing employees" can also "be held personally liable if they are the moving, active, conscious forces behind the corporation." *Chloe v. Queen Bee of Beverly Hills, LLC*, 2011 WL 3678802, at *6 (S.D.N.Y. Aug. 19, 2011) (quoting 4 McCarthy on Trademarks and Unfair Competition § 25:24 (4th ed.)); *see also Mead Johnson & Co. v. Baby's Formula Serv., Inc.*, 402 F.2d 19, 23 (5th Cir. 1968) ("The fact that the persons . . . either officers or employees of the corporation . . . are acting for a corporation . . . . does not relieve the individuals of their responsibility.").

**A. Kamran Yasin**

Kamran argues that Breeze Smoke's allegations regarding his liability are too general and conclusory, and amount to the claim that he is liable "merely by virtue of being CEO." R. 303 at 5. But Breeze Smoke does not merely allege that Kamran was CEO of an infringing company. Rather, Breeze Smoke alleges that Kamran "supervised and directed the promotion, advertising, offer for sale and sale of the NORTH Infringing Products and, on information and belief, the SOUTH Infringing Products." *Id.* ¶ 187. Breeze Smoke alleges further that Kamran "engaged in group conversations via WhatsApp with Midwest's sales team during the time period when Midwest's salespeople first began marketing the NORTH Infringing Products to customers." *Id.* ¶ 188. These allegations are sufficient to plausibly allege Kamran's knowing participation in the infringement.

### B. Imran Sadiq

Breeze Smoke alleges that Midwest's product, NORTH, is manufactured by an entity known as SMISS. Breeze Smoke cites WeChat communications Midwest has produced in discovery to allege that SMISS reached out to Midwest and offered to produce a product for Midwest that "replicated" Breeze Smoke's products. *See* R. 231 ¶ 173.

According to Breeze Smoke, Imran Sadiq was involved in the communications with SMISS about producing a product that "replicated" Breeze Smoke's products. Breeze Smoke also alleges that Sadiq was involved in the decision to hire SMISS. *See id.* ¶¶ 17, 173. These communications involved express discussion of the similarly of the trade dress designs with Breeze Smoke's products, and Sadiq instructed SMISS to use the packaging that is the "same as Breeze". *See id.* ¶¶ 179-80. In addition to the communications with SMISS about the NORTH product, Breeze Smoke alleges that Sadiq was personally involved with the design and development of the SOUTH product. *See id.* ¶¶ 176-77.

While these allegations plausibly allege Sadiq's knowledge of the alleged infringement, Breeze Smoke also alleges that Sadiq "reports directly to Mudassir Yasin," and that he acted "under the supervision and direction of Umair Yasin and Mudassir Yasin." R. 231 ¶ 176. And while Breeze Smoke alleges that Sadiq "actively collaborated with SMISS to design" the allegedly infringing products, *see* R. 231 ¶ 176, the fact that he took these actions under the supervision and direction of others means that Sadiq cannot have been the "moving force" behind the alleged

infringement. *See Tireboots*, 2023 WL 8236895, at *2. Without such an allegation, Sadiq cannot be liable for the alleged infringement.

**C. Sohaib Sakaria**

Breeze Smoke's allegations against Sakaria are substantially similar to the allegations about Sadiq. Sakaria also participated in the communications with SMISS, and is alleged to have participated in selecting the final designs for the infringing allegedly products. *See* R. 231 ¶¶ 176-77. But like Sadiq, Breeze Smoke also alleges that Sakaria acted "under the supervision and direction of Umair Yasin and Mudassir Yasin." R. 231 ¶ 176. So as with Sadiq, this allegation shows that Sakaria was not the "moving force" behind the infringement and it fatally undermines Breeze Smoke's claim that Sakaria is liable for the alleged infringement.

**D. Umair Yasin and Mudassir Yasin**

Umair and Mudassir do not materially contest their liability. The Individual Defendants' moving brief specifically addresses only the allegations against Kamran, Sadiq, and Sakaria.

In reply Umair and Mudassir point out that the moving brief argued that Breeze Smoke's allegations "lack sufficient detail to plausibly allege that *any* defendant was the moving force behind the purportedly infringing conduct." *See* R. 321 at 2 (emphasis added) (citing R. 303 at 7, 7-9). But this is clearly a general argument and fails to specifically address the allegations of Umair's and Mudassir's liability. Therefore, they have waived any such argument.

In any event, the allegations in the complaint plausibly allege personal liability for Umair and Mudassir. Like Kamran, Umair and Mudassir are owners of Midwest. Furthermore, they participated in some of the communications with SMISS discussed above. *See* R. 231 ¶¶ 173-74 (Umair); ¶¶ 175-76 (Mudassir). And they supervised and directed the conduct of Sakaria and Sadiq that forms the heart of Breeze Smoke's infringement allegations. Even if Umair and Mudassir had sufficiently contested Breeze Smoke's claims against them, these allegations are sufficient to plausibly allege their individual liability.

**Conclusion**

Therefore, the Individual Defendants' motion to dismiss [302] is grant in part and denied in part. The motion is granted in that Breeze Smoke's claims against Imran Sadiq and Sohaib Sakaria are dismissed without prejudice. The motion is denied in that Breeze Smoke's claims against Umair Yasin, Mudassir Yasin, and Kamran Yasin will proceed.

ENTERED:

Thomas M Durkin

Honorable Thomas M. Durkin
United States District Judge

Dated: November 23, 2026